**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FILED

OCT 29 2010

CLERK, U.S. DISTRICT COURT
NORFO K VA

ALISON C. WINN,

       **Plaintiff,**

v.                                                                    CIVIL ACTION NO.: 2:10cv395

CHASE MORTGAGE SERVICES,
A DIVISION OF ONEWEST BANK, FSB,
PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA, and
SHAPIRO & BURSON, LLP,

      **Defendants.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is the Motion to Dismiss Plaintiff's Complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Chase Home Finance, LLC

("Chase"). Also before the Court is the Motion to Dismiss Plaintiff's Complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.") filed by Defendants, Shapiro

& Burson, LLP (S&B) and Professional Foreclosure of Virginia ("PFC"). This matter has been

fully briefed and is ripe for judicial determination. For the reasons stated herein, Defendants'

Motions to Dismiss are **GRANTED.**

### I. FACTUAL AND PROCEDURAL HISTORY

On July 12, 2010, Plaintiff filed this action in the Circuit Court of the City of Virginia

Beach, Virginia. On or about August 10, 2010, Defendant, Chase, filed a Notice of Removal,



EXHIBIT

1

and the case was subsequently removed to the Eastern District of Virginia on that date. On

August 11, 2010, Chase, filed a Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P.

12(b)(6) and Memorandum in Support. Plaintiff did not file an Opposition to Chase's Motion to

Dismiss. Defendants, S&B and PFC, filed a Motion to Dismiss Plaintiff's Complaint pursuant

to F.R.C.P. 12(b)(6) and Memorandum in Support on August 16, 2010. Plaintiff did not file an

Opposition to S&B and PFC's Motion to Dismiss.

   Plaintiff's Complaint represents that Plaintiff owns a tract of real estate in Virginia

Beach, Virginia and that she took out a first mortgage lien for $119,000.00 with Chase on July 8,

2004. Compl. ¶¶ 1-2. In 2009, Plaintiff began defaulting on her loan payments. Compl. ¶ 6.

On June 7, 2009, she submitted a completed Borrower's Assistance Form and required

documents to Chase for a loan modification. Compl. ¶7. Plaintiff states that Defendant, Chase,

denied her a Home Affordable Modification Program ("HAMP") modification "because they

said she could not afford her payments." Compl. ¶ 8. On August 15, 2009, Chase put her on a

forbearance plan of $1,616.00, which Plaintiff ultimately could not meet. Consequently, PFC,

as substitute trustee of the deed of the trust in this matter, initiated foreclosure proceedings

against Plaintiff's property on June 29, 2010. Compl. ¶ 11; S&P and PFC Mot. to Dismiss at 2.

S&P was involved in the foreclosure proceedings in its capacity as legal counsel for PFC. S&P

and PFC Mot. to Dismiss at 2.

   Amongst other claims, Plaintiff alleges that Chase violated its contractual obligations

and fraudulently accepted government funds, by not servicing her loan under the rules of the

HAMP. Compl. ¶ 30. Plaintiff further alleges that Chase violated its HAMP obligations by

referring the property to foreclosure without following the required guidelines; not satisfying the

Reasonable Effort solicitation standard by appropriately soliciting the borrower regarding foreclosure alternatives Compl. ¶¶ 31-32; and not obtaining the proper certification under the Certification Prior to Foreclosure Sale provisions. Compl. ¶ 33. Finally, Plaintiff alleges that PFC and/or S&B was negligent in proceeding with the foreclosure action without receiving certification from Chase, and proceeding to foreclosure despite her submission of new HAMP documents for review by Chase. Compl. ¶¶ 34-36.

Plaintiff seeks a permanent injunction to prevent foreclosure and an Order requiring Defendant to process and approve Plaintiff's HAMP application. Compl. at 6. Additionally, Plaintiff seeks $2,5000,000.00 in punitive damages from Chase.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.

3

2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III. DISCUSSION

Defendant, Chase, asserts that Plaintiff's Complaint should be dismissed for two reasons: 1) Plaintiff lacks standing to maintain a private cause of action under HAMP for Defendant's alleged violation; and 2) "Plaintiff does not have a cognizable cause of action for breach of contract because she was neither party to, nor an intended beneficiary of, the contract between the Department of Housing and Urban Development ("HUD") and Chase." Def.'s Mot. Dismiss ¶¶ 1, 2. Defendants S&B and PFC also present their Motion to Dismiss on the grounds that HAMP does not create a private cause of action for Plaintiff.

### A. Private Right of Action under HAMP

The Department of Treasury established the Home Affordable Modification Program ("HAMP") pursuant to Sections 101 and 109 of the Emergency Economic Stabilization Act of 2008. Section 109 of the Act was later amended by Section 7002 of the American Recovery and Reinvestment Act of 2009. COMMITMENT TO PURCHASE FINANCIAL INSTRUMENT AND SERVICER PARTICIPATION AGREEMENT, *available at* https://www.hmpadmin.com/portal/docs/hamp_servicer/servicerparticipationagreement.pdf. The program assists borrowers who are delinquent on the mortgages for their primary residence or facing imminent risk of default. HOME AFFORDABLE MODIFICATION PROGRAM: OVERVIEW, https://www.hmpadmin.com/portal/programs/hamp.html (last visited Oct. 5, 2010). Under the program, mortgage loan servicers enter into an agreement with the Federal National Mortgage

Association ("Fannie Mae") whereby the servicers agree to perform loan modification and

foreclosure prevention services in exchange for incentives provided by the Department of

Treasury.  Borrowers in risk of defaulting on their mortgages can then apply to the program and

the mortgage servicer provides the modification or prevention services to the borrower.  As a

condition of participating in the program, servicers must comply with guidelines and procedures

issues by the Department of Treasury. *Escobedo v. Countrywide Home Loans, Inc.*, No. 09-cv-

1557, 2009 U.S. Dist. Lexis 117017, at *1 (S.D. Cal. Dec. 15, 2009).

     Plaintiff's primary grounds for her cause of action is based on Chase's alleged violations

of HAMP Guidelines and supplemental directives. Def.'s Notice of Removal ¶ 9.  To succeed

on such claim, HAMP would have to provide a private right of action to borrowers such as

Plaintiff.  However, there is no explicit language in Section 109 creating a private right of action

for borrowers under the HAMP.  Rather, Congress approved the Guidelines which currently

outline an alternative vehicle for enforcement of the program's provisions.  As such, the Federal

Home Loan Mortgage Corporation ("Freddie Mac") serves as the compliance officer for the

HAMP. U.S. Dep't of Treasury, Supplemental Directive 2009-08, at 4 (Nov. 3, 2009); *See also*

COMMITMENT TO PURCHASE FINANCIAL INSTRUMENT AND SERVICER PARTICIPATION

AGREEMENT, *available at*

https://www.hmpadmin.com/portal/docs/hamp_servicer/servicerparticipationagreement.pdf.  In

this role, "Freddie Mac is charged with conducting 'independent compliance assessments'

including 'evaluation of documented evidence to confirm adherence . . . to HAMP

requirements.'" *See Marks v. Bank of America*, No. 3:10cv08039, 2010 WL 2572988, at *6

(citing Supplemental Directive 2009-01, at 25-26).  As noted in other courts, "by delegating

compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted." *Marks*, 2010 WL 2572988, at *6; *see Reyes-Gaona v. N.C. Growers Ass'n*, 250 F.3d 861, 865 (4th Cir. 2001) (stating "the doctrine of *expressio unis est exclusio alterius* instructs that where a law expressly described a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded."). Therefore, absent any clear evidence to the contrary in the text of the legislation, this court finds no private cause of action under HAMP.

Other federal district courts that have addressed the issue have also consistently held that there is no private right of action for individual borrowers to assert claims of HAMP violations. *See e.g., Hoffman v. Bank of America, N.A.*, No. C 10-2171, 2010 WL 2635773 at *5 (N.D. Cal. June 30, 2010) (rejecting Plaintiff's argument that HAMP should be interpreted to contain a private right of action not specifically stated in the statute); *Simon v Bank of America, N.A.*, No. 10-cv-00300, 2010 WL 2609436, at *10 (D. Nev., Jun. 23, 2010) (stating that "other district courts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders . . .".). Most recently, the Eastern District of Virginia addressed this issue in *Pennington v. PNC Mortgage*, No. 2:10cv00361 (Aug. 11, 2010). In this case, the Court dismissed Plaintiffs' claims against PNC Mortgage for lack of standing as they related to alleged violations of HAMP. *See Penington* at 1. Similar to the case currently before the Court, Plaintiffs in Pennington asserted that PNC Mortgage violated various HAMP regulations by initiating foreclosure proceedings on Plaintiff's home. Also similar to the case at bar, Plaintiffs asserted such allegations without identifying the statutory or legal basis for the HAMP related claims. *Pennington* at 5; Compl. ¶¶ 30-33

(outlining the various alleged violations of specific HAMP procedures without reference to any statute, procedure or case indicating that there is a cause of action for such violations). Ultimately, the *Pennington* court concluded that there was no private right of action under HAMP and that Plaintiffs were "not members of a class for whose 'especial benefit' HAMP was enacted," thus providing no right to relief as third party beneficiaries of the HAMP servicer contract. *Pennington* at 6-7. In reaching this conclusion, the Court found that the district court precedent denying private rights of actions to enforce HAMP was persuasive. *Id.* at 6.

In light of the overwhelming precedent from other district courts, the Court finds that Plaintiff does not have a private right of action under HAMP.

## B. Third Party Beneficiary Standing under HAMP

Plaintiff further asserts that she has a right to enforce the HAMP Guidelines as an intentional third-party beneficiary to the Servicer Participation Agreement between Fannie Mae and Chase. Applying general principles of contract law, courts can determine whether a party is an intended beneficiary of a contract by evaluating whether the contracting parties intended for that particular third party to gain the benefit of the promised performance. Restatement (Second) of Contracts § 302(2)(1)(b)(1979). Under the HAMP, Fannie Mae (as financial agent of the United States) entered into a contract with the servicer. Under said contract, the servicer provides foreclosure prevention options to homeowners in the United States in return for financial incentives from the Government. Plaintiff asserts that the goal of the HAMP Guidelines is to "protect responsible borrowers from unnecessary foreclosure actions and costs." (Compl. ¶ 22.) However, the Servicer Participation Agreement describes the purpose of the program as follows: "To stabilize the housing market by facilitating first lien mortgage loan

7

modifications . . . encouraging foreclosure alternatives . . . and making other foreclosure prevention services available to the marketplace." COMMITMENT TO PURCHASE FINANCIAL INSTRUMENT AND SERVICER PARTICIPATION AGREEMENT, *available at* https://www.hmpadmin.com/portal/docs/hamp_servicer/servicerparticipationagreement.pdf. While this arrangement undoubtably benefits individual borrowers, at no point does it express an intent that borrowers be the intended beneficiaries of the arrangement.

In line with the private right of action precedent, many district courts have also reached the conclusion that the agreement contracts between the servicers and Fannie Mae do not provide borrowers with a right to sue because the borrowers are incidental, rather than intended, beneficiaries of the contracts. *See e.g., Hoffman* at *3-4 (holding "plaintiff lacks standing to pursue a breach of the HAMP servicer's agreement because he is not a third party beneficiary"); *Lucero v. Countrywide Bank N.A.*, No. 09-cv-1742, 2010 WL 1880649, at *3-4 (S.D. Cal. May 10, 2010); *Villa v. Wells Fargo Bank, N.A.*, No. 10-cv-81, 2010 WL 935680, at *3 (S.D. Cal., Mar. 15, 2010); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09-cv-1557, 2009 WL 4981618, at *3-4 (S.D. Cal. Dec. 15, 2009) (holding that borrowers are incidental beneficiaries of the HAMP servicer agreements and therefore have no standing to assert breach of contract claims under the statute).

Accordingly, this analysis indicates that Plaintiff does not have standing as an intentional third-party beneficiary. As such, Plaintiff's complaint as to Chase is **DISMISSED.**

## IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss the Complaint are **GRANTED.** In view of the Court's ruling, it will not address Defendants' other grounds for the

8

Motion to Dismiss.  There being no other issues to be decided, this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 29, 2010

9