## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MICHELLE BOURDELAIS,
(*formerly Michelle Durniak*),
On her own behalf and behalf of all others
similarly situated,

          Plaintiff,

    v.

JPMORGAN CHASE BANK, NA

and

CHASE HOME FINANCE, LLC,

          Defendants.

Civil Action No.  3:10CV670 (HEH)

## ANSWER

      Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance LLC (collectively "Chase"), by counsel, hereby submit their Answer to the Amended Class Complaint ("Am. Complaint") filed against them by Plaintiff Michelle Bourdelais ("Plaintiff").  To the extent that any matters alleged in the Amended Complaint are not expressly admitted, they are denied.

## PRELIMINARY STATEMENT

      1.      Chase admits that Plaintiff's Complaint purports to be brought pursuant to the Federal Fair Credit Reporting Act, Federal Equal Credit Opportunity Act, Real Estate and Settlement Procedures Act as well as for breach of contract or in the alternative promissory estoppel, and defamation.  Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 1.

2.      Chase denies the allegations of paragraph 2.

3.      Chase denies the allegations of paragraph 3.

4.      Chase admits that it received from plaintiff correspondence dated September 16, 2009 regarding a dispute related to information being reported by consumer reporting agencies. Chase denies the second sentence of paragraph 3.  The third sentence of paragraph 4 states a legal conclusion to which no response is required.  To the extent a further response is required to paragraph 4, Chase denies those allegations.

5.      Chase admits that Plaintiff purports to bring this claim on behalf of a class of Virginia residents.  Chase denies that this action meets the requirements for a class action.  The second sentence of paragraph 5 states a legal conclusion to which no response is required.  To the extent any facts are alleged as to Chase in this paragraph, Chase denies those allegations.

6.      Chase admits that it received funds as a participant in the Troubled Asset Relief Program.  Chase further admits that on or about July 31, 2009, it entered into a Servicer Participation Agreement with the Federal National Mortgage Association ("Fannie Mae") that allowed it to participate in the Home Affordable Mortgage Program ("HAMP").  The remaining allegations of paragraph 6 state legal conclusions to which no response is required.  To the extent that any other facts are alleged, Chase denies those allegations.

7.      Chase admits that pursuant to HAMP guidelines it has provided Trial Period Plans to borrowers who may be eligible for permanent HAMP modifications.  The second sentence of paragraph 7 states a legal conclusion to which no response is required.  Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 7.

8.      Paragraph 8 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

## JURISDICTION

9.      Paragraph 9 states a legal conclusion to which no response is required.

10.     Chase admits it is a citizen of Delaware and that Plaintiff alleges she is a citizen of Virginia.  The remaining allegations of Paragraph 10 state legal conclusions to which no response is required.

11.     Chase admits that this Court has subject matter jurisdiction over this action.

12.     Paragraph 12 states legal conclusions to which no response is required.  Chase denies that it committed any unlawful practices.

## PARTIES

13.     Paragraph 13 states legal conclusions to which no response is required.  Further, Chase is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13, and, therefore, denies those allegations.

14.     Chase admits that on or about July 31, 2009, JPMorgan Chase Bank, N.A. entered into a Servicer Participation Agreement with Fannie Mae that allowed it to participate in the Home Affordable Mortgage Program ("HAMP").  The remaining allegations of paragraph 14 state legal conclusions to which no response is required.

15.     Chase admits that Chase Home Finance, LLC, is a limited liability company doing business as a mortgage originator and servicer.  The remaining allegations of paragraph 15 state legal conclusions to which no response is required.

16.     Chase admits that Chase Home Finance, LLC is a wholly-owned subsidiary of Chase Home Finance, Inc., which in turn is a wholly-owned subsidiary of JPMorgan Chase Bank, N.A.  The remaining allegations of paragraph 16 state legal conclusions to which no response is required.

17.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 17, and, therefore, denies those allegations.

18.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 18, and, therefore, denies those allegations.

19.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 19, and, therefore, denies those allegations.

20.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 20, and, therefore, denies those allegations.

21.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 21, and, therefore, denies those allegations.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent this paragraph alleges any facts, Chase is without sufficient information to form a belief as to the truth of any such allegations, and, therefore, denies those allegations.

23.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 23, and, therefore, denies those allegations.

## FACTUAL BACKGROUND
### The Foreclosure Crisis

24.     The documents cited in these allegations speak for themselves, so no response is required.

25.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 25, and, therefore, denies those allegations.

### *Creation of the Home Affordable Modification*

26.     The allegations in this paragraph purport to rely on a law passed by Congress,

- 4 -

which speaks for itself.  Therefore, no response is required.

27.     The allegations in this paragraph purport to rely on a law passed by Congress, which speaks for itself.  Therefore, no response is required.

28.     The allegations in this paragraph purport to rely on a law passed by Congress, which speaks for itself.  Therefore, no response is required.

29.     The allegations in this paragraph purport to rely on a government protocol, which speaks for itself.  Therefore, no response is required.

30.     The allegations in this paragraph purport to rely on a federal government protocol, which speaks for itself.  Therefore, no response is required.

31.     The allegations in this paragraph purport to rely on a federal government protocol, which speaks for itself.  Therefore, no response is required.

### *Chase's Broken Promises Under HAMP*

32.     Chase admits that Chase Home Finance LLC ("Chase") is a servicer.  The rest of the allegations in this paragraph state legal conclusions, so no response is required.

33.     Chase admits that on or about July 31, 2009, JPMorgan Chase Bank, N.A. voluntarily entered into a SPA with Fannie Mae that allowed it to participate in HAMP.  Chase denies the remaining allegations of paragraph 33.

34.     Paragraph 34 states legal conclusions to which no response is required.  Chase further states that the SPA and Program Documentation speak for themselves and that no further response is required.

35.     The allegations in this paragraph purport to rely on the SPA, which speaks for itself.  Therefore, no response is required.

36.     The allegations in this paragraph purport to rely on the SPA, Program

Documentation and Trial Period Plan, which speak for themselves.  Therefore, no further answer is required.

37.     Chase admits that, **pursuant to HAMP guidelines**, it has provided Trial Period Plans to borrowers who may be eligible for permanent HAMP modifications.  Chase further states that the Trial Period Plan speaks for itself and that no further answer is required.  To the extent that a further response is required to paragraph 37, Chase denies those allegations.

38.     The allegations in this paragraph purport to rely on the Trial Period Plan, which speaks for itself.  Therefore, no further answer is required.

39.     Chase denies the allegations of paragraph 39.

40.     Chase denies the allegations in the first sentence of paragraph 40.  Chase further states that the purported Treasury Report attached to the Complaint as Exhibit 6 speaks for itself and that no further answer is required.  Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 40.

41.     Chase denies the allegations of paragraph 41.

## HAMP Credit Reporting Guidelines

42.     Chase states that the HAMP Program Documentation speaks for itself and no further answer to paragraph 42 is required.

43.     Chase states that the Fannie Mae Servicing Guide speaks for itself and no further answer to paragraph 43 is required.

**Reporting Guidelines for Trial Period:**

44.     Chase states that the CDIA 2010 Mortgage & Home Equity Reporting Guidelines speaks for itself and no further answer to paragraph 44 is required.

45.     Chase states that the CDIA 2010 Mortgage & Home Equity Reporting Guidelines

speaks for itself and no further answer to paragraph 45 is required.

### *Facts Regarding the Plaintiff*

46.     Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies those allegations.

47.     Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies those allegations.

48.     Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies those allegations.

49.     Chase admits that Chase Home Finance LLC currently services Plaintiff's mortgage.

50.     Chase denies the allegations in paragraph 50.

51.     Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies those allegations.

52.     Chase admits that it received correspondence dated March 13, 2009 from plaintiff which included, among other things, a signed "Borrower's Assistance Form" and a signed 4506-T Request for Tax Return.  Chase further states that the correspondence dated March 13, 2009 speaks for itself and that no further response is required.

53.     Chase is without sufficient information to form a belief as to the truth of allegations in paragraph 53, and therefore, denies those allegations.

54.     Chase denies the allegations in paragraph 54.

55.     Chase denies the allegations in paragraph 55.

56.     Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 56, and therefore, denies those allegations.

la-1101516

57.     Chase admits that it sent correspondence to the plaintiff dated May 7, 2009.
Chase further states that the correspondence dated May 7, 2009 speaks for itself and that no
further response is required.  To the extent that a further response is required to paragraph 57,
Chase denies those allegations.  Chase is without sufficient information to form a belief as to the
truth of the allegations in the last sentence of paragraph 57.

58.     Chase is without sufficient information to form a belief as to the truth of the
allegations in paragraph 58, and therefore, denies those allegations.

59.     Chase admits that on July 15, 2009 it sent plaintiff, via Federal Express overnight
delivery, among other things, a document entitled "Home Affordable Modification Trial Period
Plan (Step One of Two Step Documentation Process)."  Chase further states that the
correspondence dated July 15, 2009 speaks for itself and that no further response is required.
Chase denies that plaintiff sent all of the required documentation back to Chase prior to the
August 14, 2009 deadline indicated in the correspondence.

60.     Chase states that the Home Affordable Modification Trial Period Plan speaks for
itself and that no further response is required.

61.     Chase states that the Home Affordable Modification Trial Period Plan speaks for
itself and that no further response is required.

62.     Chase denies the allegations in paragraph 62.

63.     Chase admits that it applied plaintiff's Trial Period Plan payments in accordance
with the terms of that Plan.

64.     Chase admits that it had correspondence with plaintiff during August and
September 2009.  Except as expressly admitted herein, Chase denies the rest and remainder of
paragraph 64.

- 8 -

65.     Chase admits that it sent correspondence to plaintiff dated September 15, 2009 regarding, among other things, system changes at Chase.  Chase further states that the correspondence dated September 15, 2009 speaks for itself and that no further response is required.

66.     Chase admits that it received correspondence from plaintiff dated September 16, 2009.  Chase further states that the correspondence dated September 16, 2009 speaks for itself and that no further response is required.

67.     Chase admits that it received correspondence from plaintiff dated September 16, 2009 requesting that Chase contact two consumer reporting agencies to "update errors" on her credit report.  Chase further states that the correspondence dated September 16, 2009 speaks for itself and that no further response is required.

68.     Chase admits that it sent correspondence to plaintiff dated September 26, 2009 regarding plaintiff's default.  Chase further states that the correspondence dated September 26, 2009 speaks for itself and that no further response is required to the allegations in the first and second sentences of paragraph 68.  Chase denies the allegation contained in the last sentence of paragraph 68.

69.     Chase admits that it had correspondence with plaintiff during September and October 2009.  Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 69.

70.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and, therefore, denies those allegations.

71.     Chase admits that it sent plaintiff correspondence dated October 16, 2009.  Chase further states that the correspondence dated October 16, 2009 speaks for itself and that no further

response is required.

72.     Chase admits that it sent plaintiff correspondence dated November 30, 2009.
Chase further states that the correspondence dated November 30, 2009 speaks for itself and that
no further response is required.  Chase admits that it received from plaintiff correspondence
dated December 8, 2009 which included a signed 4506-T Request for Copy of Tax Return.
Chase further states that that the correspondence dated December 8, 2009 speaks for itself and
that no further response is required.

73.     Chase admits that it sent plaintiff correspondence dated January 4, 2010 and
received correspondence from plaintiff dated January 7, 2010.  Chase further states that the
correspondence dated January 4, 2010 and January 7, 2010 speaks for itself and that no further
response is required.  To the extent a further response is required to paragraph 73, Chase denies
those allegations.

74.     Chase is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 74, and, therefore, denies those allegations.

75.     Chase is without knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 75, and, therefore, denies those allegations.

76.     Chase admits that it sent plaintiff correspondence dated January 31, 2010.  Chase
further states that the correspondence dated January 31, 2010 speaks for itself and that no further
response is required.

77.     Chase admits that it sent plaintiff correspondence dated February 16, 2010.  Chase
further states that the correspondence dated February 16, 2010 speaks for itself and that no
further response is required.

78.     Chase is without knowledge or information sufficient to form a belief as to the

la-1101516

truth of the allegations in paragraph 78, and, therefore, denies those allegations.

79.    Chase admits that it sent plaintiff correspondence dated April 7, 2010.  Chase further states that the April 7, 2010 correspondence speaks for itself and that no further response is required.

80.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and, therefore, denies those allegations.

81.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and, therefore, denies those allegations.

82.    Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and, therefore, denies those allegations.

83.    Chase admits that it received from plaintiff's attorney correspondence dated May 11, 2010.  Chase further states that the correspondence dated May 11, 2010 speaks for itself and that no further response is required.

84.    Chase admits that it sent plaintiff correspondence dated May 12, 2010.  Chase further states that the correspondence dated May 12, 2010 speaks for itself and that no further response is required.

85.    Chase admits that it received from plaintiff correspondence dated May 12, 2010 and May 13, 2010.  Chase further states that the correspondence dated May 12, 2010 and May 13, 2010 correspondence speaks for itself and that no further response is required.  To the extent a further response is required to paragraph 85, Chase denies those allegations.

86.    Chase denies the allegations in paragraph 86.

87.    Chase admits that it received a fax from plaintiff's attorney to the "CEO Home Lending" dated May 18, 2010.  Chase further states that the correspondence dated May 18, 2010

- 11 -

speaks for itself and that no further response is required.

88.     Chase admits that it sent plaintiff correspondence dated May 17, 2010.  Chase further states that the May 17, 2010 correspondence speaks for itself and that no further response is required.

89.     Chase admits that it received from plaintiff a correspondence dated May 19, 2009. Chase further states that the May 19, 2009 correspondence speaks for itself and that no further response is required.  To the extent a further response is required to paragraph 89, Chase denies those allegations.

90.     Chase admits that it received correspondence from plaintiff's attorney dated May 18, 2010.  Chase further states that the May 18, 2010 correspondence speaks for itself and that no further response is required.

91.     Chase admits that on May 18, 2010 a Chase representative spoke with plaintiff and plaintiff's husband regarding incomplete documentation.  To the extent a further response is required to paragraph 91, Chase denies those allegations.

92.     Chase admits that it received correspondence from plaintiff's attorney dated May 19, 2010.  Chase further states that the May 19, 2010 correspondence speaks for itself and that no further response is required.  To the extent that a further response is required to paragraph 92, Chase denies those allegations.

93.     Chase admits that on May 20, 2010, a Chase representative left a voice mail stating that Chase had received the required documentation for plaintiff to be considered for a loan modification.

94.     Chase admits that it sent correspondence to plaintiff dated May 22, 2010.  Chase further states that the May 22, 2010 correspondence speaks for itself and that no further response

is required.

95.     Chase admits that it sent correspondence to plaintiff dated June 17, 2010.  Chase further states that the June 17, 2010 correspondence speaks for itself and that no further response is required.  Chase denies the remaining allegations in paragraph 95.

96.     Chase admits that it sent plaintiff correspondence dated July 2, 2010.  Chase further states that the correspondence dated July 2, 2010 speaks for itself and that no further response is required.

97.     Chase admits that it received correspondence from plaintiff's attorney dated July 7, 2010.  Chase further states that the correspondence dated July 7, 2010 speaks for itself and that no further response is required.  Chase is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 97 regarding any response to the correspondence dated July 7, 2010.  To the extent a further response is required to paragraph 97, Chase denies those allegations.

98.     Chase denies the allegations in paragraph 98.

99.     Chase denies the allegations in the first sentence of paragraph 99.  Chase further states that the "HAMP Servicer checklist," referred to in paragraph 99, speaks for itself and that no further response is required.

100.    Chase denies the allegations in paragraph 100.

101.    Chase admits that it reported plaintiff's mortgage account as delinquent in July 2009 and that the mortgage account was 90+ days delinquent in December 2009.  Chase further admits that as of December 2009 the mortgage account had a past due balance of over $15,000.

102.    Chase denies the allegations in paragraph 102.

103.    Chase denies the allegations in paragraph 103.

la-1101516

104.   Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and, therefore, denies those allegations.

105.   Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and, therefore, denies those allegations.

106.   Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and, therefore, denies those allegations.

107.   Chase denies the allegations in paragraph 107.

108.   Chase denies the allegations in paragraph 108.

109.   Chase denies the allegations in paragraph 109.

110.   Chase denies the allegations in paragraph 110.

111.   Chase denies the allegations in the paragraph 111.

## COUNT ONE: BREACH OF CONTRACT
### CLASS CLAIM

112.   Chase re-alleges and incorporates by reference each and every proceeding paragraph of this Answer as if fully set forth herein.

113.   Chase admits that plaintiff purports to bring this claim on behalf of a class.  Chase further admits that Plaintiff purports to define a class as stated in paragraph 113.  Chase denies that this action meets the requirements for a class action.

114.   Paragraph 114 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

115.   Paragraph 115 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

116.   Paragraph 116 states legal conclusions to which no response is required.  To the

la-1101516

extent that any facts are alleged, Chase denies those allegations.

117.    Paragraph 117 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

118.    Paragraph 118 states legal conclusions to which no response is required.  To the extent that a response is required, Chase is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 118, and, therefore, denies those allegations.

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

120.    Paragraph 120 states legal conclusions to which no response is required.

121.    Paragraph 121 states legal conclusions to which no response is required.

122.    Paragraph 122 states legal conclusions to which no response is required.

123.    Paragraph 123 states legal conclusions to which no response is required.

124.    Paragraph 124 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

125.    Paragraph 125 states legal conclusions to which no response is required.

126.    Paragraph 126 states legal conclusions to which no response is required.

127.    Chase denies the allegations in paragraph 127.

128.    Chase denies the allegations in paragraph 128.

129.    Chase denies the allegations in paragraph 129.

130.    Chase denies the allegations in paragraph 130.

**COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681(m)**

**CLASS CLAIM**

131.    Chase re-alleges and incorporates by reference each and every proceeding paragraph of this Answer as if fully set forth herein.

132.    Chase admits that Plaintiff purports to bring this claim on behalf of a class. Chase further admits that Plaintiff purports to define a class as stated in paragraph 132. Chase denies that this action meets the requirements for a class action. Except as expressly admitted, Chased denies the allegations in paragraph 132.

133.    Paragraph 133 states legal conclusions to which no response is required. To the extent that any facts are alleged, Chase denies those allegations.

134.    Paragraph 134 states legal conclusions to which no response is required. To the extent that any facts are alleged, Chase denies those allegations.

135.    Paragraph 135 states legal conclusions to which no response is required. To the extent that any facts are alleged, Chase denies those allegations.

136.    Paragraph 136 states legal conclusions to which no response is required. To the extent that a response is required, Chase is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 136, and, therefore, denies those allegations.

137.    Paragraph 137 states legal conclusions to which no response is required. To the extent that any facts are alleged, Chase denies those allegations.

138.    Chase admits that it obtained plaintiff's credit score as required by HAMP in order to calculate the "Net Present Value" component of HAMP eligibility. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 138.

- 16 -

139.    Chase denies the allegations in paragraph 139.

140.    Chase denies the allegations in paragraph 140.

141.    Paragraph 141 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

142.    Chase denies the allegations in paragraph 142.

143.    Chase denies the allegations in paragraph 143.

144.    Chase denies the allegations in paragraph 144.

## COUNT THREE:  VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. §1691(d) and Virginia Code § 59.1-21.21:1

### CLASS CLAIM

145.    Chase re-alleges and incorporates by reference each and every proceeding paragraph of this Answer as if fully set forth herein.

146.    Chase admits that Plaintiff purports to bring this claim on behalf of a class.  Chase further admits that Plaintiff purports to define a class as stated in paragraph 146.  Chase denies that this action meets the requirements for a class action.  Except as expressly admitted, Chased denies the allegations in paragraph 146.

147.    Paragraph 147 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

148.    Paragraph 148 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

149.    Paragraph 149 states legal conclusions to which no response is required.  To the extent that any facts are alleged, Chase denies those allegations.

150.    Paragraph 150 states legal conclusions to which no response is required.  To the

la-1101516

extent that a response is required, Chase is without sufficient information to form a belief as to

the truth of the remaining allegations in paragraph 150, and, therefore, denies those allegations.

151.     Paragraph 151 states legal conclusions to which no response is required.  To the

extent that any facts are alleged, Chase denies those allegations.

152.     Chase denies the allegations in paragraph 152.

153.     Paragraph 153 states legal conclusions to which no response is required.  To the

extent that any facts are alleged, Chase denies those allegations.

154.     Chase denies the allegations in paragraph 154.

155.     Chase denies the allegations in paragraph 155.

156.     Chase denies the allegations in paragraph 156.

157.     Chase denies the allegations in paragraph 157.

158.     Chase denies the allegations in paragraph 158.

159.     Chase denies the allegations in paragraph 159.

## COUNT FOUR:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)

### INDIVIDUAL CLAIM

160.     Chase re-alleges and incorporates by reference each and every proceeding

paragraph of this Answer as if fully set forth herein.

161.     Chase denies the allegations in paragraph 161.

162.     Chase denies the allegations in paragraph 162.

163.     Chase denies the allegations in paragraph 163.

164.     Chase denies the allegations in paragraph 164.

la-1101516

## COUNT FIVE:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)

### INDIVIDUAL CLAIM

165.    Chase re-alleges and incorporates by reference each and every proceeding paragraph of this Answer as if fully set forth herein.

166.    Chase denies the allegations in paragraph 166.

167.    Chase denies the allegations in paragraph 167.

168.    Chase denies the allegations in paragraph 168.

169.    Chase denies the allegations in paragraph 169.

## COUNT SIX:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) AND (D)

### INDIVIDUAL CLAIM

170.    Chase re-alleges and incorporates by reference each and every proceeding paragraph of this Answer as if fully set forth herein.

171.    Chase denies the allegations in paragraph 171.

172.    Chase denies the allegations in paragraph 172.

173.    Chase denies the allegations in paragraph 173.

174.    Chase denies the allegations in paragraph 174.

## COUNT SEVEN: DEFAMATION

### INDIVIDUAL CLAIM

175.    Chase re-alleges and incorporates by reference each and every proceeding

la-1101516

paragraph of this Answer as if fully set forth herein.

176.    Chase denies the allegations in paragraph 176.

177.    Chase denies the allegations in paragraph 177.

178.    Chase denies the allegations in paragraph 178.

179.    Chase denies the allegations in paragraph 179.

## COUNT EIGHT:  VIOLATION OF
## REAL ESTAE SETTLEMENT PROCEDURES ACT
## 12 U.S.C. §2605(e)

180.    Chase re-alleges and incorporates by reference each and every proceeding

paragraph of this Answer as if fully set forth herein.

181.    Chase denies the allegations in paragraph 181.

182.    Chase lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in paragraph 182, and, therefore, denies those allegations.

183.    Chase denies the allegations in paragraph 183.

184.    Chase denies the allegations in paragraph 184.

185.    Chase denies the allegations in paragraph 185.

186.    Chase denies the allegations in paragraph 186.

187.    Chase denies the allegations in paragraph 187.

## Prayer for Relief

Answering Paragraphs a, b, c, d, e, f, g, and h, in this section, Chase denies Plaintiff is

entitled to any relief whatsoever, including any of the relief requested in paragraphs (a) through

(h).

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or acknowledging that Chase has any burden to prove any of the following allegations, Chase alleges the following as separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state claims upon which relief can be granted, including for the reasons set forth in Chase's Motion to Dismiss Counts One, Two and Three of the Amended Class Complaint filed simultaneously herein.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Amended Complaint are barred in whole or in part to the extent that Plaintiff acted with unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Amended Complaint are barred in whole or in part by the doctrine of first in material breach.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails for lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE

The claims in the Amended Complaint are subject to set-off of all sums due and owing by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The claims in the Amended Complaint are barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Chase.

la-1101516

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's defamation claim is preempted by federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to protect herself from the damage or injury

alleged in the Amended Complaint and failed to mitigate any such alleged damage or injury.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the purported class, are barred because this action is not

properly maintainable as a class action as alleged by the named Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The claims of the putative class members are barred by some or all of the defenses that

bar plaintiffs' remaining claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Venue is not proper in this Court to the extent that this case has been brought in the

wrong court and/or division pursuant to 28 U.S.C. §§ 1391 et seq. and Rule 3 of the Rules of the

United States District Court for the Eastern District of Virginia.

## TWELFTH AFFIRMATIVE DEFENSE

Chase alleges all other affirmative defenses that may potentially become available as a

result of information developed through discovery or trial and reserves the right to amend their

Answer to plead additional defenses as they become known during the course of this litigation.

Chase specifically reserves all separate or additional defenses that it may have against

any member of the putative class.  It is not necessary at this time for Chase to delineate such

defenses against the putative class because no class has been certified and the putative class

members are not parties to the litigation.

la-1101516

**WHEREFORE**, Chase denies that Plaintiff is entitled to any of the relief demanded in the Amended Complaint and requests that this Court enter judgment:

(a)     Finding and adjudging in favor of Chase and against Plaintiff, dismissing with prejudice all claims of Plaintiff; and

(b)     Granting such other and further relief as this Court may deem just and proper, including, but not limited to, the fees and costs of Chase associated with this matter.

la-1101516

**JPMORGAN CHASE BANK, N.A.**
**and CHASE HOME FINANCE, LLC**

By: /s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase Bank, N.A.*
*and Chase Home Finance, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email:david.anthony@troutmansanders.com

Nancy R. Thomas (Admitted *Pro Hac Vice*)
*Attorney for JPMorgan Chase Bank, N.A.*
*and Chase Home Finance, LLC*
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: NThomas@mofo.com

Tim A. O'Brien (Admitted *Pro Hac Vice*)
*Attorney for JPMorgan Chase Bank, N.A.*
*and Chase Home Finance, LLC*
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., N.W.
Suite 6000
Washington, D.C. 2006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
Email: TOBrien@mofo.com

- 24 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2011, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard A. Bennett, Esq.
> Robin A. Abbott, Esq.
> Gary L. Abbott, Esq.
> CONSUMER LITIGATION ASSOCIATES, P.C.
> 12515 Warwick Boulevard, Suite 201
> Newport News, VA 23606
> Telephone: 757-930-3660
> Facsimile: 757-930-3662
>
> *Counsel for Plaintiff*

> /s/ David N. Anthony
> David N. Anthony
> Virginia State Bar No. 31696
> *Attorney for JPMorgan Chase Bank, N.A. and*
> *Chase Home Finance, LLC*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone No.: (804) 697-5410
> Facsimile No.: (804) 698-5118
> Email: david.anthony@troutmansanders.com

la-1101516