### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

**MICHELLE BOURDELAIS,**
**on behalf of herself and on behalf**
**of all others similarly situated,**

       **Plaintiff,**

**v.**                                           **Civil Action No. 3:10cv670**

**JPMORGAN CHASE BANK, N.A.**
**and CHASE HOME FINANCE, LLC,**

       **Defendant.**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
### FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW the Plaintiff, Michelle Bourdelais, on behalf of herself and others similarly situated, by counsel, and in support of her Motion for Leave to file a Second Amended Complaint, provides the following memorandum of law in support of adding a claim that JPMorgan Chase Bank, N.A., and Chase Home Finance LLC., ("Defendant" or "Chase") breached the implied covenant of good faith an fair dealing implied into every Virginia contract pursuant to this court's decisions in *Acuna v. Chase Home Finance, LLC*, 3:10CV905, 2011 WL 188309 (E.D.Va. May 17, 2011) and *DesOgugua v. Wells Fargo, et al.*, 1:11CV188 (E.D.Va. Sept. 14, 2011). Ms. Bourdelais filed her original class complaint on September 21, 2010, (Docket #1) and an amended class complaint on December 17, 2011 (Docket #13). The Plaintiff has carefully considered the court's recent decisions in *Acuna* and *DesOgugua*, and now moves the court for leave to amend because the facts underlying the claims in those cases are very similar to the facts that give rise to Ms. Bourdelais' claims. Because the amendment is timely and will not cause

any legal prejudice to Chase, an amendment to the complaint is proper and should be permitted under Fed. R. Civ. P. 15(a).

Furthermore, the Plaintiff seeks to amend the Complaint in order to conform to the Court's decision granting in part and denying in part the Defendants' motion to dismiss (Docket # 14), which resulted in dismissal of two of Plaintiffs' class claims: Count One: Breach of Contract and Count Two: Violation of the Fair Credit Reporting Act. (Dockets #13, 27).

## I.    Introduction

This case arises out of a home mortgage loan where Ms. Bourdelais is a borrower who sought to modify her loan and Defendants are the owner and servicer of the mortgage.  The Defendants induced Ms. Bourdelais into applying for a HAMP loan modification in order to drive her into default and foreclose on her home. At the time the original and amended Complaints were drafted and filed, the law governing this court's decision in *Acuna* had not yet been articulated as it relates to a breach of a Note and Deed of Trust in a home loan where the borrower was induced into applying for a modification under HAMP.  Furthermore, just last week, the court denied a motion to dismiss, among other actions, a borrower's *Acuna* claim for breach of the implied covenant of good faith and fair dealing in *DesOgugua v. Wells Fargo*.  Because the facts of this case are similar to the facts that support such a claim in both *Acuna* and *DesOgugua*, the Plaintiff now moves for leave to amend the complaint to add a claim for breach of the implied covenant of good faith and fair dealing.

## II.    Law and Argument

### A.      Standard for granting leave to amend

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."[1] The Supreme Court has declared that the mandate under the rule that leave to amend shall be freely given is granted liberally, and to justify a denial of such leave, it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice. *Foman v. Davis*, 371 U.S. 178 (1962); *Roper v. County of Chesterfield,* 807 F.Supp. 1221, 1223 (E.D. Va. 1992). The *Foman* Court held that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.   Although the court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not exercise of discretion." *Foman v. Davis*, 371 U.S. at 182.

**B.      Amendment is timely requested and Defendants will suffer no prejudice**

The liberal standard requires that leave to amend "will not be denied unless the amendment will cause actual prejudice to the adverse party." *Wall v. Freuhauf Trailer Servs. Inc.*, 123 F. Appx. 572, 576 (4th Cir. 2005)(*citing Ward Elecs. Serv. Inc. v. First Comm'l Bank*, 819 F.2d 496, 497 (4th Cir. 1987) for the example that a change in theory of recovery and prior amendment weren't sufficient reasons to deny a motion for leave to

---

[1] Although a scheduling order was entered on December 15, 2010, (Docket #12), this case has subsequently been continued by the court's order of August 9, 2011.  (Docket # 31).  The standard under which to examine the motion for leave to amend is the liberal standard under Rule 15, not for good cause under Rule 16 where the dates in the court's scheduling order control.  *Montgomery v. Anne Arundel County*, 182 Fed.Appx. 156, 162 (4th Cir. 2006).  Furthermore, the Plaintiff has joined a motion supporting transferring the case to multi-district ligitation currently pending before the panel in MDL-2290 (Docket #22).

amend absent evidence of bad faith).  Furthermore, when an amendment is offered in a timely manner, it should be permitted.  *Foman v. Davis*, 371 U.S. 182, (holding that an amendment should be permitted absent "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party.")  The amendment is sought after carefully considering the court's recent decisions in *Acuna* and *DesOgugua* and how the facts and the law in those cases are very similar to the facts of Ms. Bourdelais' case, which facts are consistent with breach of the implied covenant of good faith and fair dealing under Virginia law.  Defendants have conducted no discovery and there is approximately five months until the trial on January 25, 2012.  Defendants cannot claim any prejudice by virtue of this amendment because (1) the Defendants have conducted no discovery, (2) though firmly established in Virginia law, the cause of action as it relates to the breach of the implied covenant of good faith and fair dealing arising out of a note and deed of trust as articulated by the court in *Acuna* was not decided until many months after the first Amended Complaint was filed in this case.  Subsequently, another plaintiff in *DesOgugua* survived a motion to dismiss her claim for breach of the implied covenant of good faith and fair dealing.

The Defendants in this case cannot claim that they are surprised by this motion or the decision in *Acuna* because one of the Chase defendants, Chase Home Finance, LLC, is the same in both cases.  Allowing Plaintiffs to file and Amended Complaint will not legally prejudice the Defendants and has not been offered after an undue delay.

**C.     The Amended Complaint is neither futile nor offered in bad faith**

The Plaintiff seeks to add the claim against Chase for a breach of the implied covenant of good faith and fair dealing consistent with this court's decision in *Acuna v.*

*Chase Home Finance, LLC,* based on very similar allegations.  2011 WL 1883089, at *6.

Because the allegations and a defendant are the same in both cases that this court has

already decided states a claim upon which relief may be granted, an amendment to add a

claim for breach of contract based on the breach of the implied covenant of good faith

and fair dealing is neither futile nor offered in bad faith.  *Id.* Since *Acuna* was decided,

not only has this court denied a mortgage lender and servicers motion to dismiss a similar

claim in *DesOgugua*, other district courts within the Fourth Circuit and other circuits

have found that plaintiffs alleging similar facts stated viable claims for breach of contract

despite the fact the plaintiffs were attempting to modify a loan through HAMP.  *See, e.g.*

*Allen v. CitiMortgage, Inc.*, No. CCG-10-2740, 2011 WL 3424665, at *4-*5 (Aug. 4,

2011)(citing cases).

 Like the plaintiffs in *Acuna* and *DesOgugua*, Ms. Bourdelais has alleged that

Chase breached the implied covenant of good faith and fair dealing by (1) inducing her

into default by telling her she could not qualify for a loan modification unless she had

missed mortgage payments; (2) falsely assuring her of the status of her loan modification

status; (3) falsely assuring her that her home would not be foreclosed on; (4) failing to

follow HAMP guidelines. *Acuna v. Chase Home Finance, LLC,* 2011 WL 1883089, at *6.

There is clear, recent legal precedent that demonstrate the Plaintiff's allegations state a

claim for breach of contract against Chase for a breach of the implied covenant of good

faith and fair dealing embodied in the note and deed of trust.

 **III. Conclusion.**

 Amendment of the Plaintiff's Complaint will cause no prejudice to the

Defendants and no delay in trial proceedings.  The Plaintiff has not engaged in any

unwarranted delay and has not acted in bad faith.  The cause of action that the Plaintiff

seeks to add clearly states a claim for which relief may be granted and has been so held in

two recent cases in this court.  Leave to amend should be freely granted pursuant to the

Federal Rules of Civil Procedure.

Respectfully submitted,

**MICHELLE BOURDELAIS,**

_____/s/_____

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2011, I will electronically file
the foregoing with the Clerk of Court using the CM/ECF system, which will then send a
notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail:  david.anthony@troutmansanders.com

Nancy Renee Thomas
Morrison & Foerster, LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013
E-mail: nthomas@mofo.com

Timothy A. O'Brien
Morrison & Foerster, LLP
2000 Pennsylvania Avenue NW
Suite 6000
Washington, DC 20006-1888
E-mail:  tobrien@mofo.com

                                                              /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net