UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE BOURDELAIS,
*Formerly known as Michelle Durniak*,

      **Plaintiff,**

v.                                       Civil Action No. 3:10cv670

**J.P. MORGAN CHASE BANK, N.A.
and CHASE HOME FINANCE, LLC,**

      **Defendants.**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW the Plaintiff, **MICHELLE BOURDELAIS**, by counsel and with the consent of Defendants, by counsel, and in support of her Motion for Leave to file a Fourth Amended Complaint, provides the following Memorandum of Law in support of adding additional fact allegations as contained in *Michelle Bourdelais (formerly Michelle Durniak) v. J.P. Morgan Chase Bank, NA and Chase Home Finance, LLC. – Civil Action No: 3:12-cv-00413-HEH,* a case in which Plaintiff seeks to consolidate with the instant action, pursuant to her Consent Motion to Consolidate previously filed with this Court.

Plaintiff filed her Third Amended Complaint on April 4, 2012 (Docket #39). The Plaintiff has discussed her intention to further Amend the Complaint to add the allegations plead in her second action against the Defendants [*3:12-cv-00413-HEH]* and has sought Defendants' consent. Defendants' counsel has consented to the Amendment of the Complaint. Because the amendment is timely and will not cause any legal prejudice to Defendants, an amendment to the Complaint is proper and should be permitted under Fed. R. Civ. P. 15(a).

Defendants have not filed a Answer to the Third Amended Complaint (Docket 39), and Defendants have been granted an extension in which to file an Answer to the Plaintiff's Complaint in Civil Action No: *3:12-cv-00413-HEH* to September 4, 2012

## I. Introduction

This case arises out of a home mortgage loan where Ms. Bourdelais is a borrower who sought to modify her loan and Defendants are the owner and servicer of the mortgage. The Defendants induced Ms. Bourdelais into applying for a HAMP loan modification in order to drive her into default and foreclose on her home. At the time the original and Amended Complaints were drafted and filed, the law governing this court's decision in *Acuna* had not yet been articulated as it relates to a breach of a Note and Deed of Trust in a home loan where the borrower was induced into applying for a modification under HAMP. However, the Plaintiff has certain additional individual claims against the Defendants for their violations of 15 U.S.C. §1681, 12 U.S.C. §2605(e) and Defamation. The instant action was previously transferred back to this Court and District from the District of Massachusetts (MDL) on April 27, 2010 for the prosecution of the Plaintiff's individual claims against the Defendants. In addition, on June 5, 2012 the Plaintiff filed a second action against the Defendants for further violations of 15 U.S.C. §1681 and Defamation. (Civil No. *3:12-cv-00413-HEH)* that occurred after the instant action was filed.

## Law and Argument

### A. Standard for granting leave to amend

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has declared that the mandate under

2

the rule that leave to amend shall be freely given is granted liberally, and to justify a denial of such leave, it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice. *Foman v. Davis*, 371 U.S. 178 (1962); *Roper v. County of Chesterfield,* 807 F.Supp. 1221, 1223 (E.D. Va. 1992). The *Foman* Court held that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. Although the court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not exercise of discretion." *Foman v. Davis*, 371 U.S. at 182.

**B.  Amendment is timely requested and Defendants will suffer no prejudice**

The liberal standard requires that leave to amend "will not be denied unless the amendment will cause actual prejudice to the adverse party." *Wall v. Freuhauf Trailer Servs. Inc.,* 123 F. Appx. 572, 576 (4th Cir. 2005) (*citing Ward Elecs. Serv. Inc. v. First Comm'l Bank,* 819 F.2d 496, 497 (4th Cir. 1987) for the example that a change in theory of recovery and prior amendment weren't sufficient reasons to deny a motion for leave to amend absent evidence of bad faith). Furthermore, when an amendment is offered in a timely manner, it should be permitted. *Foman v. Davis*, 371 U.S. 182 (holding that an amendment should be permitted absent "undue delay, bad faith or dilatory motive on the part of the movant …[or] undue prejudice to the opposing party.") The amendment is sought after careful consideration. The parties have conducted almost no discovery.

Defendants cannot claim any prejudice by virtue of this amendment because of the nascent stage of discovery.

The Defendants in this case cannot claim that it is surprised by this motion or the Plaintiff's desire to move ahead with the amendment to include the additional facts as contained in the Plaintiff's second action against the Defendants (Civil Action No: *3:12-cv-00413-HEH)*. Allowing Plaintiff to file an Amended Complaint will not legally prejudice the Defendants and has not been offered after an undue delay.

### C.   The Amended Complaint is neither futile nor offered in bad faith

The Plaintiff seeks to combine the additional allegations contained in Civil Action No: *3:12-cv-00413-HEH*, a case which she seeks to consolidate with the instant action. Plaintiff's counsel and Defendants' counsel have discussed and agreed that the parties would seek consolidation of these actions and that Plaintiff would amend her Complaint to reflect the additional allegations against the Defendants in Civil Action No: *3:12-cv-00413-HEH*.

### III.   Conclusion.

Amendment of the Plaintiff's Complaint will cause no prejudice to the Defendants and no delay in trial proceedings.  The Plaintiff has not engaged in any unwarranted delay and has not acted in bad faith.  The additional facts and allegations that the Plaintiff seeks to add clearly state a claim for which relief may be granted.  Leave to amend should be granted pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

**MICHELLE BOURDELAIS**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@cox.net

Susan M. Rotkis, Esq.
VSB #40693
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th of August, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail:  david.anthony@troutmansanders.com

6

/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@cox.net