**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHELLE BOURDELAIS,**
**(*formerly Michelle Durniak*),**

**Plaintiff,**

**v.**

**JPMORGAN CHASE BANK, NA**
**and**
**CHASE HOME FINANCE, LLC,**

**Defendants.**

**Civil Action No. 3:10CV670 (HEH)**

**ANSWER TO FOURTH AMENDED COMPLAINT**

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC (collectively "Chase"), by counsel, hereby submit their Answer to the Fourth Amended Complaint ("Complaint") filed against them by Plaintiff Michelle Bourdelais ("Plaintiff"). To the extent that any matters alleged in the Fourth Amended Complaint are not expressly admitted, they are denied.

**PRELIMINARY STATEMENT**

1. Chase admits that Plaintiff's Complaint purports to be brought pursuant to the Fair Credit Reporting Act, Equal Credit Opportunity Act, Real Estate and Settlement Procedures Act, as well as for breach of the covenant of good faith and fair dealing and defamation. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 1.

2. Chase denies the allegations of paragraph 2.

3. Chase denies the allegations of paragraph 3.

4. Chase admits that it received from plaintiff correspondence dated September 16, 2009 regarding a dispute related to information being reported by consumer reporting agencies. Chase denies the second sentence of paragraph 4. The third sentence of paragraph 4 states a legal conclusion to which no answer is required. To the extent a further answer is required to paragraph 4, Chase denies those allegations.

5. Chase admits that plaintiff is a natural person and that plaintiff alleges that she is a resident of Virginia. The remainder of the allegations of paragraph 5 state legal conclusions to which no answer is required.

6. Chase admits that it received funds as a participant in the Troubled Asset Relief Program. Chase further admits that on or about July 31, 2009, it entered into a Servicer Participation Agreement ("SPA") with the Federal National Mortgage Association ("Fannie Mae") that allowed it to participate in the Home Affordable Mortgage Program ("HAMP"). The remaining allegations of paragraph 6 state legal conclusions to which no answer is required. To the extent that any other facts are alleged, Chase denies those allegations.

7. Chase admits that pursuant to HAMP guidelines it has provided Trial Period Plans to borrowers who may be eligible for permanent HAMP modifications. The second sentence of paragraph 7 states a legal conclusion to which no answer is required. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 7.

8. Paragraph 8 states legal conclusions to which no answer is required. To the extent that any facts are alleged, Chase denies those allegations.

**JURISDICTION**

9. Paragraph 9 states a legal conclusion to which no answer is required.

10. Chase admits it is a citizen of Delaware and that Plaintiff alleges she is a citizen of Virginia. The remaining allegations of Paragraph 10 state legal conclusions to which no answer is required.

11. Paragraph 11 states legal conclusions to which no answer is required.

12. Paragraph 12 states legal conclusions to which no answer is required. Chase denies that it committed any unlawful practices.

**PARTIES**

13. Paragraph 13 states legal conclusions to which no answer is required. Further, Chase is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13, and, therefore, denies those allegations.

14. Chase admits that on or about July 31, 2009, JPMorgan Chase Bank, N.A. entered into a SPA with Fannie Mae that allowed it to participate in HAMP. The remaining allegations of paragraph 14 state legal conclusions to which no answer is required.

15. Chase states that on May 1, 2011, Chase Home Finance, LLC merged into JPMorgan Chase Bank, N.A. and that as a result, Chase Home Finance, LLC ceased to exist as a legal entity. The remaining allegations of paragraph 15 state legal conclusions to which no answer is required.

16. Chase states that on May 1, 2011, Chase Home Finance, LLC merged into JPMorgan Chase Bank, N.A. and that as a result, Chase Home Finance, LLC ceased to exist as a legal entity. The remaining allegations of paragraph 16 state legal conclusions to which no answer is required.

17. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 17, and, therefore, denies those allegations.

18. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 18, and, therefore, denies those allegations.

19. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 19, and, therefore, denies those allegations.

20. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 20, and, therefore, denies those allegations.

21. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 21, and, therefore, denies those allegations.

22. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 22, and, therefore, denies those allegations.

23. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 23, and, therefore, denies those allegations.

## FACTUAL BACKGROUND

### The Foreclosure Crisis

24. The documents cited in the allegations in paragraph 24 speak for themselves. Therefore, no answer is required.

25. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 25, and, therefore, denies those allegations.

### *Creation of the Home Affordable Modification*

26. The allegations in this paragraph purport to rely on a law passed by Congress, which speaks for itself. Therefore, no answer is required.

27. The allegations in this paragraph purport to rely on a law passed by Congress, which speaks for itself. Therefore, no answer is required.

28. The allegations in this paragraph purport to rely on a law passed by Congress, which speaks for itself. Therefore, no answer is required.

29. The allegations in this paragraph purport to rely on a government protocol, which speaks for itself. Therefore, no answer is required.

30. The allegations in this paragraph purport to rely on a federal government protocol, which speaks for itself. Therefore, no answer is required.

31. The allegations in this paragraph purport to rely on a federal government protocol, which speaks for itself. Therefore, no answer is required.

***Chase's Broken Promises Under HAMP***

32. Chase admits that prior to May 1, 2011, Chase Home Finance, LLC was a servicer of mortgage loans. Chase states that on May 1, 2011, Chase Home Finance, LLC merged into JPMorgan Chase Bank, N.A. and that as a result, Chase Home Finance, LLC ceased to exist as a legal entity. The rest of the allegations in this paragraph state legal conclusions, therefore no answer is required.

33. Chase admits that on or about July 31, 2009, JPMorgan Chase Bank, N.A. voluntarily entered into a SPA with Fannie Mae that allowed it to participate in HAMP. Chase denies the remaining allegations of paragraph 33.

34. Paragraph 34 states legal conclusions to which no answer is required. Chase further states that the SPA and Program Documentation speak for themselves and that no further answer is required.

35. The allegations in this paragraph purport to rely on the SPA, which speaks for itself. Therefore, no answer is required.

36. The allegations in this paragraph purport to rely on the SPA, Program Documentation and Trial Period Plan, which speak for themselves. Therefore, no further answer is required.

37. Chase admits that, pursuant to HAMP guidelines, it has provided Trial Period Plans to borrowers who may be eligible for permanent HAMP modifications. Chase further states that the Trial Period Plan speaks for itself and that no further answer is required. To the extent that a further answer is required to paragraph 37, Chase denies those allegations.

38. The allegations in this paragraph purport to rely on the Trial Period Plan, which speaks for itself. Therefore, no further answer is required.

39. Chase denies the allegations of paragraph 39.

40. Chase denies the allegations in the first sentence of paragraph 40. Chase further states that the purported Treasury Report attached to the Complaint as Exhibit 6 speaks for itself and that no further answer is required. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 40.

41. Chase denies the allegations of paragraph 41.

***HAMP Credit Reporting Guidelines***

42. The documents cited in the allegations in paragraph 42 speak for themselves. Therefore, no answer is required.

43. Chase states that the Fannie Mae Servicing Guide speaks for itself and no further answer to paragraph 43 is required.

44. Chase states that the CDIA 2010 Mortgage & Home Equity Reporting Guidelines speaks for itself and no further answer to paragraph 44 is required.

45. Chase states that the CDIA 2010 Mortgage & Home Equity Reporting Guidelines speaks for itself and no further answer to paragraph 45 is required.

***Facts Regarding the Plaintiff***

46. Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies those allegations.

47. Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies those allegations.

48. Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies those allegations.

49. Chase admits that prior to May 1, 2011 Chase Home Finance, LLC serviced Plaintiff's mortgage. Chase states that on May 1, 2011, Chase Home Finance, LLC merged into JPMorgan Chase Bank, N.A. and that as a result, Chase Home Finance, LLC ceased to exist as a legal entity. Chase further admits that JPMorgan Chase Bank, N.A. currently services Plaintiff's mortgage.

50. Chase denies the allegations in paragraph 50.

51. Chase is without information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies those allegations.

52. Chase admits that it received correspondence dated March 13, 2009 from plaintiff which included, among other things, a signed "Borrower's Assistance Form" and a signed 4506-T Request for Tax Return. Chase further states that the correspondence dated March 13, 2009 speaks for itself and that no further answer is required.

53. Chase is without sufficient information to form a belief as to the truth of allegations in paragraph 53, and therefore, denies those allegations.

54. Chase is without information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 54. Chase denies the remaining allegations in paragraph 54.

55. Chase denies the allegations in paragraph 55.

56. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 56, and therefore, denies those allegations.

57. Chase admits that it sent correspondence to the plaintiff dated May 7, 2009. Chase further states that the correspondence dated May 7, 2009 speaks for itself and that no further answer is required. To the extent that a further answer is required to paragraph 57, Chase denies those allegations. Chase is without sufficient information to form a belief as to the truth of the allegations in the last sentence of paragraph 57, and therefore denies these allegations.

58. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 58, and therefore, denies those allegations.

59. Chase admits that on July 15, 2009 it sent plaintiff, via Federal Express overnight delivery, among other things, a document entitled "Home Affordable Modification Trial Period Plan (Step One of Two Step Documentation Process)." Chase further states that the correspondence dated July 15, 2009 speaks for itself and that no further answer is required. Chase denies that plaintiff sent all of the required documentation back to Chase prior to the August 14, 2009 deadline indicated in the correspondence.

60. Chase states that the Home Affordable Modification Trial Period Plan speaks for itself and that no further answer is required.

61. Chase states that the Home Affordable Modification Trial Period Plan speaks for itself and that no further answer is required.

62. Chase denies the allegations in paragraph 62.

63. Chase admits that it applied plaintiff's Trial Period Plan payments into an escrow account in accordance with the terms of that Plan.

64. Chase admits that it corresponded with plaintiff during August and September 2009. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 64.

65. Chase admits that it sent correspondence to plaintiff dated September 15, 2009 regarding, among other things, system changes at Chase. Chase further states that the correspondence dated September 15, 2009 speaks for itself and that no further answer is required.

66. Chase admits that it received correspondence from plaintiff dated September 16, 2009. Chase further states that the correspondence dated September 16, 2009 speaks for itself and that no further answer is required.

67. Chase admits that it received correspondence from plaintiff dated September 16, 2009 requesting that Chase contact two consumer reporting agencies to "update errors" on her credit report. Chase further states that the correspondence dated September 16, 2009 speaks for itself and that no further answer is required.

68. Chase admits that it sent correspondence to plaintiff dated September 26, 2009 regarding plaintiff's default. Chase further states that the correspondence dated September 26, 2009 speaks for itself and that no further answer is required to the allegations in the first and second sentences of paragraph 68. Chase denies the allegation contained in the last sentence of paragraph 68.

69. Chase admits that it corresponded with plaintiff during September and October 2009. Except as expressly admitted herein, Chase denies the rest and remainder of paragraph 69.

70. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and, therefore, denies those allegations.

71. Chase admits that it sent plaintiff correspondence dated October 16, 2009. Chase denies that plaintiff provided all requested documents. Chase further states that the correspondence dated October 16, 2009 speaks for itself and that no further answer is required.

72. Chase admits that it sent plaintiff correspondence dated November 30, 2009. Chase further states that the correspondence dated November 30, 2009 speaks for itself and that no further answer is required. Chase admits that it received from plaintiff correspondence dated December 8, 2009 which included a signed 4506-T Request for Copy of Tax Return. Chase further states that that the correspondence dated December 8, 2009 speaks for itself and that no further answer is required.

73. Chase admits that it sent plaintiff correspondence dated January 4, 2010 and received correspondence from plaintiff dated January 7, 2010. Chase further states that the correspondence dated January 4, 2010 and January 7, 2010 speaks for itself and that no further answer is required. To the extent a further answer is required to paragraph 73, Chase denies those allegations.

74. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and, therefore, denies those allegations.

75. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and, therefore, denies those allegations.

76. Chase admits that it sent plaintiff correspondence dated January 31, 2010. Chase denies that plaintiff provided all requested documents. Chase further states that the correspondence dated January 31, 2010 speaks for itself and that no further answer is required.

77. Chase admits that it sent plaintiff correspondence dated February 16, 2010. Chase further states that the correspondence dated February 16, 2010 speaks for itself and that no further answer is required.

78. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and, therefore, denies those allegations.

79. Chase admits that it sent plaintiff correspondence dated April 7, 2010. Chase further states that the April 7, 2010 correspondence speaks for itself and that no further answer is required.

80. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and, therefore, denies those allegations.

81. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and, therefore, denies those allegations.

82. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and, therefore, denies those allegations.

83. Chase admits that it received from plaintiff's attorney correspondence dated May 11, 2010. Chase further states that the correspondence dated May 11, 2010 speaks for itself and that no further answer is required.

84. Chase admits that it sent plaintiff correspondence dated May 12, 2010. Chase further states that the correspondence dated May 12, 2010 speaks for itself and that no further answer is required.

85. Chase admits that it received from plaintiff correspondence dated May 12, 2010 and May 13, 2010. Chase further states that the correspondence dated May 12, 2010 and May 13, 2010 correspondence speaks for itself and that no further answer is required. To the extent a further answer is required to paragraph 85, Chase denies those allegations.

86. Chase is without information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86. Chase denies the remaining allegations in paragraph 86.

87. Chase admits that it received a fax from plaintiff's attorney to the "CEO Home Lending" dated May 18, 2010. Chase further states that the correspondence dated May 18, 2010 speaks for itself and that no further answer is required.

88. Chase admits that it sent plaintiff correspondence dated May 17, 2010. Chase further states that the May 17, 2010 correspondence speaks for itself and that no further answer is required.

89. Chase admits that it received from plaintiff a correspondence dated May 19, 2009. Chase further states that the May 19, 2009 correspondence speaks for itself and that no further answer is required. To the extent a further answer is required to paragraph 89, Chase denies those allegations.

90. Chase admits that it received correspondence from plaintiff's attorney dated May 18, 2010. Chase further states that the May 18, 2010 correspondence speaks for itself and that no further answer is required.

91. Chase admits that on May 18, 2010 a Chase representative spoke with plaintiff and plaintiff's husband regarding incomplete documentation. To the extent a further answer is required to paragraph 91, Chase denies those allegations.

92. Chase admits that it received correspondence from plaintiff's attorney dated May 19, 2010. Chase further states that the May 19, 2010 correspondence speaks for itself and that no further answer is required. To the extent that a further answer is required to paragraph 92, Chase denies those allegations.

93. Chase admits that on May 20, 2010, a Chase representative spoke with plaintiff by phone. To the extent that a further answer is required to paragraph 93, Chase denies those allegations.

94. Chase admits that it sent correspondence to plaintiff dated May 22, 2010. Chase further states that the May 22, 2010 correspondence speaks for itself and that no further answer is required.

95. Chase admits that it sent correspondence to plaintiff dated June 17, 2010. Chase further states that the June 17, 2010 correspondence speaks for itself and that no further answer is required. Chase denies the remaining allegations in paragraph 95.

96. Chase admits that it sent plaintiff correspondence dated July 2, 2010. Chase further states that the correspondence dated July 2, 2010 speaks for itself and that no further answer is required.

97. Chase admits that it received correspondence from plaintiff's attorney dated July 7, 2010. Chase further states that the correspondence dated July 7, 2010 speaks for itself and that no further answer is required. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 97 regarding any answer to the correspondence dated July 7, 2010. To the extent a further answer is required to paragraph 97, Chase denies those allegations.

98. Chase denies the allegations in paragraph 98.

99. Chase denies the allegations in the first sentence of paragraph 99. Chase further states that the "HAMP Servicer checklist," referred to in paragraph 99, speaks for itself and that no further answer is required.

100. Chase denies the allegations in paragraph 100.

101. Chase admits that it reported plaintiff's mortgage account as delinquent in July 2009 and that the mortgage account was 90+ days delinquent in December 2009. Chase further admits that as of December 2009 the mortgage account had a past due balance of over $15,000.

102. Chase denies the allegations in paragraph 102.

103. Chase denies the allegations in paragraph 103.

104. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and, therefore, denies those allegations.

105. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and, therefore, denies those allegations.

106. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and, therefore, denies those allegations.

107. Chase denies the allegations in paragraph 107.

108. Chase denies the allegations in paragraph 108.

109. Chase denies the allegations in paragraph 109.

110. Chase denies the allegations in paragraph 110.

111. Chase denies the allegations in paragraph 111.

112. Chase admits that it provided plaintiff with a Federal Form 1098-Mortgage Interest Statement for tax year 2011. Chase further states that the Federal Form 1098-Mortgage Interest Statement speaks for itself and that no further answer is required.

113. Chase denies the allegations of paragraph 113.

114. Chase denies the allegations of paragraph 114.

115. Chase denies the allegations of paragraph 115.

116. Chase denies the allegations of paragraph 116.

117. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 117, and, therefore, denies those allegations.

118. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 118, and, therefore, denies those allegations.

119. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 119, and, therefore, denies those allegations.

120. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 120, and, therefore, denies those allegations.

121. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 121, and, therefore, denies those allegations.

122. Chase admits that on April 3, 2012, plaintiff and a person who claimed to be a Kroll Factual Data employee called Chase. Chase denies the remaining allegations in paragraph 122.

123. Paragraph 123 states a legal conclusion to which no answer is required.

124. Chase admits that it provided Plaintiff with a Verification of Mortgage dated April 13, 2012. Chase further states that the Verification of Mortgage dated April 13, 2012 speaks for itself and that no further answer is required.

125. Chase is without sufficient information to form a belief as to the truth of the allegations in paragraph 125, and, therefore, denies those allegations.

126. Chase admits plaintiff applied for a mortgage modification in March 2009. Plaintiff denies the remaining allegations in paragraph 126.

127. Chase admits that some of plaintiff's payments have been applied to an escrow account. Chase denies the remaining allegations in paragraph 127.

128. Chase admits that it received correspondence from plaintiff dated September 16, 2009 requesting that Chase contact two consumer reporting agencies to "update errors" on her credit report. Chase further states that the correspondence dated September 16, 2009 speaks for itself and that no further answer is required. Chase is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 128, and, therefore, denies those allegations.

129. Chase denies the allegations of paragraph 129.

**COUNT ONE: BREACH OF CONTRACT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

130. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

131. Paragraph 131 states legal conclusions to which no answer is required. To the extent that any facts are alleged, Chase denies those allegations.

132. Paragraph 132 states legal conclusions to which no answer is required. To the extent that any facts are alleged, Chase denies those allegations.

133. Paragraph 133 states legal conclusions to which no answer is required. To the extent that any facts are alleged, Chase denies those allegations.

134. Paragraph 134 states legal conclusions to which no answer is required. To the extent that any facts are alleged, Chase denies those allegations.

135. Chase denies the allegations in paragraph 135.

136. Chase denies the allegations in paragraph 136.

137. Chase denies the allegations in paragraph 137.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b)(1)(A)**

138. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

139. Chase denies the allegations in paragraph 139.

140. Chase denies the allegations in paragraph 140.

141. Chase denies the allegations in paragraph 141.

142. Chase denies the allegations in paragraph 142.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b)(1)(B)**

143. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

144. Chase denies the allegations in paragraph 144.

145. Chase denies the allegations in paragraph 145.

146. Chase denies the allegations in paragraph 146.

147. Chase denies the allegations in paragraph 147.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(C) AND (D)**

148. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

149. Chase denies the allegations in paragraph 149.

150. Chase denies the allegations in paragraph 150.

151. Chase denies the allegations in paragraph 151.

152. Chase denies the allegations in paragraph 152.

**COUNT FIVE: DEFAMATION**

153. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

154. Chase denies the allegations in paragraph 154.

155. Chase denies the allegations in paragraph 155.

156. Chase denies the allegations in paragraph 156.

157. Chase denies the allegations in paragraph 157.

**COUNT SIX: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. §2605(e)**

158. Chase re-alleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

159. Chase denies the allegations in paragraph 159.

160. Chase lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 160, and, therefore, denies those allegations.

161. Chase denies the allegations in paragraph 161.

162. Chase denies the allegations in paragraph 162.

163. Chase denies the allegations in paragraph 163.

164. Chase denies the allegations in paragraph 164.

165. Chase denies the allegations in paragraph 165.

**Prayer for Relief**

Answering paragraphs a, b, c, d, e, f, and g in this section, Chase denies plaintiff is entitled to any relief whatsoever, including any of the relief requested in paragraphs (a) through (g).

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Fourth Amended Complaint and without admitting or acknowledging that Chase has any burden to prove any of the following allegations, Chase alleges the following as separate and independent affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims in the Fourth Amended Complaint are barred in whole or in part to the extent that plaintiff acted with unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The claims in the Fourth Amended Complaint are barred in whole or in part by the doctrine of first in material breach.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for breach of covenant of good faith and fair dealing fails because Virginia law does not recognize that as an independent claim.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for breach of covenant of good faith and fair dealing is preempted by federal law, including the National Bank Act, to the extent it seeks to modify, alter or amend the terms of credit set forth in plaintiff's Note and/or Deed of Trust.

**SIXTH AFFIRMATIVE DEFENSE**

The claims in the Fourth Amended Complaint are subject to set-off of all sums due and owing by plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims in the Fourth Amended Complaint are barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Chase.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's defamation claim is preempted by federal law, including the Fair Credit Reporting Act.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take reasonable steps to protect herself from the damage or injury alleged in the Fourth Amended Complaint and failed to mitigate any such alleged damage or injury.

**TENTH AFFIRMATIVE DEFENSE**

Chase alleges all other affirmative defenses that may potentially become available as a result of information developed through discovery or trial and reserves the right to amend this Answer to plead additional defenses as they become known during the course of this litigation.

**WHEREFORE**, Chase denies that plaintiff is entitled to any of the relief demanded in the Fourth Amended Complaint and requests that this Court enter judgment:

(a) Finding and adjudging in favor of Chase and against plaintiff, dismissing with prejudice all claims of plaintiff; and

(b) Granting such other and further relief as this Court may deem just and proper, including, but not limited to, the fees and costs of Chase associated with this matter.

Dated: September 5, 2012

**JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE BANK, N.A. AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC**

By: /s/ David N. Anthony

David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase Bank, N.A. and JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email:david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2012, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Susan Mary Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
Email: rabbottlaw@msn.com
Email: garyabbott9@msn.com
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase Bank, N.A. and JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com