UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE BOURDELAIS,

                  **Plaintiff,**

v.

JPMORGAN CHASE BANK, N.A.
and CHASE HOME FINANCE, LLC,

                  **Defendants.**

Civil Action No. 03:10-cv-670 (HEH)

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS COUNTS ONE, FIVE, AND SIX**

**INTRODUCTION**

    Chase's motion to dismiss challenges Counts One, Five, and Six in what is plaintiff's *fourth* attempt to plead viable claims. These claims are exactly what Rule 12(b)(6) was designed to prevent—they substitute rhetorical flourishes and bald conclusions for the required facts, rely on theories not recognized under governing law, and, in at least one case, the claim is fundamentally incompatible with the few allegations of fact actually made. The Court should not indulge plaintiff's invitation to ignore this motion because it seeks to dispose of less than the entire case. Every one of the claims at issue in this motion is deficient as a matter of law, and should be dismissed with prejudice. As to plaintiff's remaining claims, they each depend on the allegation that she was never delinquent on her mortgage, a fact that (as Chase intends to show on summary judgment) lacks any factual basis.

**ARGUMENT**

Each of Counts One, Five, and Six of plaintiff's complaint must be dismissed. Plaintiff's attempt to state a claim for breach of the implied covenant of good faith and fair dealing (Count One), by alluding in only the most general fashion to the existence of the underlying loan contract between plaintiff and Chase and to an unrelated alleged act of "dishonesty" by Chase, does not remotely suffice. Plaintiff points to nothing whatsoever in the loan agreement by which the implied covenant of good faith and fair dealing arises (nor could she). Moreover, a claim for breach of the implied covenant of good faith and fair dealing is not a theory of liability even recognized under Virginia law. Plaintiff's defamation claim (Count Five) fails as well. Plaintiff's allegations underlying this claim repeatedly contradict themselves and fail to set forth the elements required to withstand a preemption challenge. Finally, in Count Six, plaintiff alleges a RESPA violation relating to Qualified Written Requests ("QWRs"), but fails to identify any facts showing that even one of the communications at issue met the enumerated statutory requirements. In her opposition, plaintiff similarly makes no effort to identify any facts upon which her claim could stand, relying heavily instead on meaningless hyperbole.[1] All three counts of plaintiff's complaint should be dismissed accordingly.

---

[1] Throughout her opposition, plaintiff makes several unsupported assertions that Chase has in some manner delayed this action. On the contrary, Chase has filed an answer in this case and produced thousands of pages to date. As plaintiff admits, *she* moved to remand the matter from the multidistrict litigation involving similar claims in the District Court of Massachusetts. (Opposition to Mot. to Dismiss ("Opp.") 4.) (In fact, the MDL is far more advanced than this action, and approaches the close of discovery in two weeks. (*See In re JPMorgan Chase Mortg. Modification Litig.*, No. 1:11-md-02290-RGS, slip. op. (D. Mass. Aug. 15, 2012) (Stearns, J.).)) Plaintiff has also decided to amend her complaint numerous times. (Opp. 3-4.)

2

20173479v1

I. **PLAINTIFF HAS NOT ALLEGED ANY VIABLE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

   A. **Plaintiff Cannot Recast Her Failed HAMP Contract Claim as a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

Plaintiff argues that Chase misstates the standard for an adequate claim for breach of the implied covenant under *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443 (E.D. Va. 2009). Plaintiff claims that she need only allege: (1) the existence of a contract; and (2) a breach of the implied covenant, and argues that she has pled the existence of a contract (the Note and Deed of Trust), and that she has adequately pled that Chase was "actually dishonest." (Opp. 15-21.) But plaintiff's arguments gloss over a central element missing from her claim. While plaintiff would have the Court believe that there need not be any actual connection between the contract at issue and the alleged breach of the implied duty of good faith and fair dealing, this is simply not true. For obvious reasons, an implied covenant claim is not intended to deputize a plaintiff with general powers to root out alleged dishonest statements so long as *any* contractual relationship exists between the parties. Instead, a claim for breach of the implied duty of good faith and fair dealing arises only within the specific context of how particular terms or obligations of the contract *at issue* are to be performed. Here, plaintiff makes absolutely no connection in the complaint, or even in her opposition, between the alleged contract—purportedly the Note and Deed of Trust—and any breach of an implied obligation arising under those documents. In truth, Count One is really yet another attempt at a breach of contract claim under HAMP, despite the Court's thorough rejection of those arguments previously.[2]

---

[2] The Court's analysis of the HAMP contract issue was recently cited favorably by the Fifth Circuit, which reached a similar conclusion in disposing of that theory. *See Pennington v. HSBC Bank USA, N.A.*, No. 12-50064, 2012 U.S. App. LEXIS 20605, at *13 (5th Cir. Oct. 3, 2012).

20173479v1

Plaintiff's effort to recast her failed HAMP contract claim as one for breach of the implied covenant of good faith and fair dealing by generally referring to the Note and Deed of Trust (Compl. ¶¶ 132, 133) suffers the same defects this Court recently identified in *Chance v. Wells Fargo Bank, N.A.*, No. 3:12CV320-JRS, 2012 U.S. Dist. LEXIS 137507 (E.D. Va. Sept. 24, 2012) (Hudson, J.). In *Chance*, as here, the plaintiff alleged that the bank failed to properly review her application for a loan modification and improperly proceeded with a foreclosure on the property. *Id*. at *4-5. The Court held that the plaintiff's allegation that the defendant violated the note and deed "by not complying with the standard practice in the industry of postponing a scheduled foreclosure date until the modification application has been thoroughly reviewed" was patently insufficient to make a claim. *Id*. at *12. The Court further ruled that the plaintiff "does not sufficiently allege that either the Note or Deed of Trust create a contractual obligation" related to her modification application. *Id*. at *12-13.

Here, plaintiff's Fourth Amended Complaint is even more scant than the one in *Chance*. The Fourth Amended Complaint makes no attempt whatsoever to explain how the Note and Deed were breached. Plaintiff merely alleges in the most conclusory fashion that Chase "fail[ed] to abide by terms of the Note and Deed of Trust that govern the original loan." (Compl. ¶ 132(6).) No provision of those documents is ever identified, nor is any act by Chase which directly or impliedly breaches any such provision. Instead, plaintiff broadly alleges the fact-barren conclusion that "Chase's breach of its duty to act in good faith and deal fairly with Ms. Bourdelais breached the Note and Deed of Trust." (*Id*. ¶ 133.) These are precisely the types of general statements of elements that *Iqbal* and *Twombly* require to be rejected as patently inadequate.

4

Moreover, the Eastern District of Virginia has repeatedly dismissed claims for breach of the implied covenant of good faith and fair dealing arising out of applications for a HAMP modification, not only because they are "disguised HAMP claim[s]," but also because, as a result, they are not tied to terms of a valid contract. *See Chance*, 2012 U.S. Dist. LEXIS 137507, at *12-13 (citing *De Vera v. Bank of America, N.A.,* No. 2:12cv17, 2012 U.S. Dist. LEXIS 87840 (E.D. Va. June 25, 2012) (Jackson, J.); and *Parks v. BAC Home Loan Servicing, LP,* 825 F. Supp. 2d 713 (E.D. Va. 2011) (Gibney, Jr. J.)). In *De Vera*, for example, as here, the plaintiff alleged that the defendant lender breached the implied covenant of good faith and fair dealing on the note and deed of trust in connection with a denied modification application. 2012 U.S. Dist. LEXIS 87840, at *8. The Court granted the motion to dismiss, and held:

> [T]he duty imposed on a party under the implied covenant of good faith and fair dealing is not an independent claim, *but only arises under a contractual relationship*. Here, neither the Promissory Note nor the Deed of Trust creates a duty on the part of BOA to facilitate loan modification. Plaintiff attempts to mask HAMP violations under the guise of an implied covenant of good faith and fair dealing. Courts have routinely dismissed similar HAMP claims that are disguised as a violation of the duty of good faith and fair dealing.

*Id*. at *8-9 (emphasis added) (citations omitted). Judge Gibney dismissed an identical claim in *Parks*, again on the grounds that the note and deed of trust did not create a contract regarding a modification:

> *Since no contract was created*, breach was impossible as a matter of law. The Court, therefore, must dismiss the plaintiff's breach of contract claim[.] The Court will also dismiss Park's implied duty of good faith and fair dealing claim as it is merely another attempt to recast the HAMP claim.

825 F. Supp. 2d at 716 (citing *Bourdelais v. J.P. Morgan Chase,* No. 3:10-cv-670, 2011 U.S. Dist. LEXIS 35507, at *13 (E.D. Va. Apr. 1, 2011)) (emphasis added).

5

Plaintiff is wrong in her assertion that, under *Enomoto*, she need not allege a specific contractual relationship and the terms which were allegedly breached. (*See* Opp. 21.) By plaintiff's logic, a party could always have a claim for breach of the implied covenant, even without an express contractual duty between the parties. That simply is not the law. As the courts in *Chance*, *De Vera*, and *Parks* each recognized, a contractual relationship and a citation to the duty breached (i.e., a factual linkage between the supposed bad behavior and the contract at issue) must be properly pled in order to sufficiently state a claim for breach of the implied duty of good faith and fair dealing. Plaintiff has not done so here, and her claim for breach of the implied covenant of good faith and fair dealing should be dismissed accordingly.

      **B.    Plaintiff Has Failed to Adequately Allege Bad Faith.**

This Court has refused to sustain allegations for breach of the implied covenant where, as here, the plaintiff fails to allege bad faith in anything other than the most conclusory fashion. In *Bennett v. Bank of America, N.A.*, for example, this Court dismissed a claim for breach of the implied covenant of good faith and fair dealing on the grounds that the "allegations underlying Plaintiff's [claim for breach of the implied covenant] are identical to those supporting his other causes of action, and pertain solely to BANA's [the defendant's] exercise of its contractual rights." No. 3:12CV34-HEH, 2012 U.S. Dist. LEXIS 54725, at *30 (E.D. Va. Apr. 18, 2012) (Hudson, J.). Further, the plaintiff did "not allege that BANA took any actions from which the Court might reasonably infer that BANA 'exercise[d] its contractual *discretion* in bad faith.'" *Id*. (emphasis in original) (citing *Va. Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 542 (4th Cir. 1998), and *Albayero v. Wells Fargo Bank, N.A.*, No. 3:11CV201-HEH, 2011 U.S. Dist. LEXIS 114974 (E.D. Va. Oct. 5, 2011) (Hudson, J.)).

Here, plaintiff's allegations regarding breach of the implied covenant are indeed no different from those supporting her other causes of action, as they are similarly premised (and

6

repeatedly alleged by plaintiff to be based) on Chase's handling of plaintiff's HAMP modification application and Chase's application of payments during that process. (*See* Compl. Counts Two-Six (premising causes of action on alleged inaccurate credit reporting as a result of the HAMP application and payments thereafter).) Moreover, plaintiff fails to plead any facts from which the Court "might reasonably infer" that Chase "exercise[d] its contractual *discretion* in bad faith." *Bennett*, 2012 U.S. Dist. LEXIS 54725, at *5 (emphasis in original). *Bennett*'s holding—that in addition to alleging a breach of terms, a plaintiff must also actually and specifically allege bad faith—belies plaintiff's contention that simply alleging that Chase was "actually dishonest" is sufficient to state a claim for breach of the implied covenant of good faith and fair dealing.[3] (*See* Opp. 21.) Count One of plaintiff's complaint must be dismissed for this reason as well.

> C. **Breach of the Implied Covenant of Good Faith and Fair Dealing Is Not a Theory of Liability Recognized Under Virginia Law.**

Finally, a number of courts in this district have dismissed claims for breach of the implied covenant under similar circumstances for the additional reason that "Virginia []does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the Uniform Commercial Code (U.C.C.), and the U.C.C. 'expressly excluded the transfer of realty from its provisions.'" *Harrison v. US Bank Nat'l Ass'n.*, No. 3:12-cv-00224, 2012 U.S. Dist. LEXIS 85735, at *5-6 (E.D. Va. June 20, 2012) (Gibney, J.) (citations omitted). As this Court noted in *Matanic v. Wells Fargo Bank, N.A.,* "this district has dismissed at least four claims alleging a breach of the implied warranty of good faith and fair dealing in similar situations [involving mortgage modifications]." No. 3:12cv472, 2012 U.S. Dist. LEXIS 134154,

---

[3] Indeed, other than repeating the claims in *Acuna* verbatim, the complaint does not even allege that. (*See* Compl. ¶ 132.)

at *21 (E.D. Va. Sept. 19, 2012) (Hudson, J.) (citing *Bennett,* 2012 U.S. Dist. LEXIS 54725; *Albayero,* 2011 U.S. Dist. LEXIS 114974; *Washington v. CitiMortgage, Inc.*, No. 3:10cv887, 2011 U.S. Dist. LEXIS 52105 (E.D. Va. May 16, 2011); *Harrison,* 2012 U.S. Dist. LEXIS 85735)).[4]

The cases cited by plaintiff in her opposition are easily distinguished. While plaintiff contends that the court's ruling in *Acuna* governs this dispute, every one of the decisions above was decided the same day or *after Acuna*, and held to the contrary. *See Acuna v. Chase Home Fin., LLC*, No. 3:10-cv-905, 2011 U.S. Dist. LEXIS 52971 (E.D. Va. May 16, 2011). *Desogugua v. Wells Fargo Bank, N.A.* is likewise of no help to plaintiff. Represented by plaintiff's counsel in this matter, the plaintiff in *Desogugua* (unlike plaintiff here) actually pled material terms of the note and deed of trust that she claimed had been breached and formed the basis of the claim for breach of the implied covenant of good faith and fair dealing. *See* Mem. In Supp. of Mot. to Dismiss 6-7, *Desogugua*, No. 1:11-cv-00188-LO-JFA, (E.D. Va. June 11, 2011), ECF No. 25) (O'Grady, J.). The court in *Desogugua* denied a motion to dismiss the claim for breach of the implied covenant; however, it did so: (1) without any analysis (*see id.,* Order,

---

[4] That the plaintiffs in *Harrison*, *Matanic*, and *Bennett* were in default is immaterial. First, even taking plaintiff's allegations as true in this case, her complaint suggests that she was in default, and did not pay her mortgage each month on time and in full. (*See* Mot. to Dismiss ("MTD") 8 n.7.) Second, the holdings of these cases do not depend on whether the plaintiff was delinquent. *See Harrison*, 2012 U.S. Dist. LEXIS 85735, at *5-6 (dismissing claim for breach of the implied covenant on the ground that such a claim does not exist under Virginia law for contracts involving real property); *Matanic*, 2012 U.S. Dist. LEXIS 134154, at *21-22 (same); *Bennett*, 2012 U.S. Dist. LEXIS 54725, at *30 (dismissing claim on the ground that the plaintiff failed to adequately plead bad faith).

8

(E.D. Va. Sept. 12, 2011), ECF No. 39), and (2) in light of specific factual allegations wholly missing from plaintiff's complaint here.[5]

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is nothing more than a disguised HAMP claim for breach of contract—a claim that this Court previously dismissed. Plaintiff should not be permitted to make an end run around the Court's prior ruling. Her claim for breach of the implied covenant should be dismissed with prejudice.

## II. PLAINTIFF'S DEFAMATION CLAIM IS PREEMPTED BY THE FCRA.

In response to Chase's motion to dismiss her defamation claim, plaintiff argues that Chase "simply ignores the facts as pled." (Opp. 21.) Not only is plaintiff's contention not true, it is belied by her own complaint, which alleges:

> Chase published the false representation that Plaintiff was past due on her mortgage obligation to the credit reporting agencies and through the credit reporting agencies to all of Plaintiff's potential lenders on multiple occasions, and further on the following specific occasions;
>
> For example on or about April 3, 2012 during a conference call a Chase representative in Loss Mitigation advised the Plaintiff and a representative of Kroll Factual Data that the Plaintiff owed over $43,460.04 in past due fees on her mortgage, and that Chase had not applied any payments to her mortgage since 2009.

---

[5] Plaintiff also cites to *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 U.S. Dist. LEXIS 86077 (D. Md. Aug. 4, 2011), this time for the proposition that courts "have found that plaintiffs alleging similar facts [to those of Ms. Bourdelais] stated viable claims for breach of contract despite the fact the plaintiffs were attempting to modify a loan through HAMP." (Opp. 20.) It is difficult to explain how plaintiff can argue on the one hand that she is not attempting to bring a HAMP breach of contract claim yet again when, on the other hand, she cites to *Allen* and plainly argues that courts have sustained HAMP *breach of contract* claims. Notwithstanding her attempt to reargue a matter already decided by this Court, *Allen* does not involve a claim for breach of the implied covenant of good faith and fair dealing and therefore is not at all relevant to the matter currently before the Court.

(Compl. ¶ 154.) The basis for plaintiff's defamation claim clearly concerns Chase's alleged reporting of inaccurate credit information to Kroll, and, because her own allegations admit that Chase was a furnisher of credit at that time, the claim "runs into the teeth of the FCRA preemption provision." *Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010); *see also Misel v. Green Tree Servicing, LLC*, 782 F. Supp. 2d 171, 175 (E.D.N.C. 2011) (dismissing state law claim predicated on alleged improper reporting of inaccurate or false credit information) (citing *Ross*). Even assuming, *arguendo*, that Chase was not a furnisher at the time of the communication, because plaintiff fails to allege any facts indicating that the reporting at issue was not simply wrong, but rather malicious and/or willful, the exception to FCRA preemption she hopes to rely on is unavailable as a matter of law.

    A.    **Taking Plaintiff's Allegations as True, Chase Operated as a Furnisher During the Communication at Issue.**

In response to Chase's contention that she has failed to plead any facts supporting her allegation that Chase was not a furnisher at the time of the communication, plaintiff offers only the broad, sweeping statements that "[p]laintiff clearly sets forth facts that demonstrate" that Chase was not acting as a furnisher during that communication, and that "event-specific information establishes both that Chase was acting outside its usual role of furnisher for FCRA purposes and that it acted willfully." (Opp. 22.) But plaintiff nowhere reveals those supposed facts, instead leaving the Court and Chase to speculate about them and the "event-specific information" plaintiff has in mind. Plaintiff's general assertions are even more implausible (and fatally so under *Iqbal/Twombly*) given her repeated concession that Chase's "usual role" was to act as a furnisher. Indeed, plaintiff alleges that Chase supplied Kroll with information about her delinquency and the amount she owed, the very credit information that a furnisher is charged with providing to another. (*See* Compl. ¶ 154 (Chase advised Kroll that plaintiff "owed over

10

$43,460.04 in past due fees on her mortgage.").) *See Aviles v. Equifax Info. Servs., LLC*, 521 F. Supp. 2d 519, 522 (E.D. Va. 2007) (Dohnal, J.) ("Although the term 'furnisher' is not defined in the FCRA, this Court, as well as others, has interpreted the term as referring to entities that transmit to CRAs information relating to debts owed by consumers."); *Saunders v. Equifax Info. Servs., L.L.C.*, No. 3:05CV731, 2006 U.S. Dist. LEXIS 71976, at *2 n.1 (E.D. Va. Oct. 3, 2006) (Dohnal, J.) (defining "furnisher" as "any entity, such as [defendant], that provides information about its customers to credit reporting agencies").[6] Plaintiff fails to plead any facts that Chase was not operating as a furnisher at the time of the communication with Kroll. Her defamation claim is preempted by the FCRA accordingly, and should be dismissed.

### B. No Exception to the FCRA's Preemption Clause Is Available to Save Plaintiff's Defamation Claim.

Relying on *Jeffery v. Trans Union, LLC*, 273 F. Supp. 2d 725 (E.D. Va. 2003) (Williams, J.), plaintiff argues that, even if Chase was operating as a furnisher at the time of the communication with Kroll, a defamation claim based on that conduct is not preempted because she has alleged that it was done with malice and/or willfulness. Plaintiff is wrong on this point for two reasons: (1) the preemption exception does not apply here, where Chase was neither a

---

[6] Plaintiff's unsupported assertion that the communication at issue "was not in Defendant's capacity as a credit reporting furnisher" (Compl. ¶ 123) is a legal conclusion, and should not be taken as true for purposes of this motion. *See, e.g., Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 932 (E.D. Va. 2012) (Smith, J.) (legal conclusions should not be taken as true in construing a motion to dismiss) (citing *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978)). To the extent it is considered a factual allegation, it is inconsistent with other factual allegations in the complaint and should for that reason also be disregarded. (*See* Opp. 23 (alleging both that Chase was a furnisher, and that it was not).) *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed. Cir. 1998) (plaintiff may assert alternative legal theories in a complaint, but inconsistent factual allegations need not be taken as true); *see also* MTD 13 n.11 (relying on additional cases).

11

consumer reporting agency nor a user of credit information; and (2) plaintiff fails to plead actual facts supporting a claim of malice or willfulness under the FCRA.

### 1. The Alleged "Exception" to the FCRA's Preemption Provision Does Not Apply to the Facts as Plaintiff Has Pled Them.

Notwithstanding plaintiff's attempts to distinguish it, *Ross* remains the Fourth Circuit's governing authority regarding FCRA preemption of state law claims. In *Ross*, after holding that a claim concerning a bank's reporting of inaccurate credit information fell squarely within the FCRA's preemption provision (15 U.S.C. § 1681s-2), the Fourth Circuit proceeded to consider the plaintiff's argument that her claim was authorized under 15 U.S.C. § 1681h(e) because the defendant allegedly acted with malice or willfulness. *Ross*, 625 F.3d at 813. The court laid out a two-step inquiry: (1) whether the claim falls within the scope of § 1681h(e), which only covers claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of [the FCRA], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report"; and (2) "whether the 'malice or willful intent to injure' exception to the general bar against state law action applies." *Id*. at 813-14. The court stressed that any exception to the FCRA's preemption provision "is a narrow one." *Id*. at 814.

Here, plaintiff cannot get past the first prong of the *Ross* analysis. Nowhere in the present matter does plaintiff allege that Chase was a CRA or a user of plaintiff's consumer report during its communication to Kroll. Nor is there any allegation that Chase had taken any adverse action, as defined by the FCRA, based on information in plaintiff's consumer report. Put simply, based on the complaint as pled, the alleged exception to preemption under § 1681h(e) does not apply. *See id*. (because Washington Mutual was not a CRA or a user of consumer reports in the relevant instance, nor had it taken adverse action based on information in the plaintiff's report, it

was not clear that the state law claim even fell within the ambit of § 1681h(e)); *see also Misel*, 782 F. Supp. 2d at 177 (on motion to dismiss, holding that state law claim "does not fall 'within the ambit of § 1681h(e)'" based on the lack of allegations that the defendant was a CRA, user of credit information, or had taken any adverse action based on a consumer report") (citation omitted). Plaintiff's defamation claim must therefore be dismissed.

### 2. Plaintiff Fails to Plead Malice or Willfulness Adequately.

Because § 1681h(e) does not apply, the Court need not consider the second part of the two-part inquiry under *Ross*, i.e., whether malice or willfulness is adequately pled. However, even assuming *arguendo* that § 1681h(e) applies, plaintiff has not met the second step of the analysis either. *See Ross*, 625 F.3d at 814. Plaintiff's contention that willfulness under the FRCA "is a modest threshold" is simply wrong. (Opp. 24.) Indeed, both *Ross* and *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), instruct otherwise. Willfulness under the FCRA may be found only where there is a single objectively reasonable construction of the provision at issue, and the defendant's conduct demonstrates reckless indifference to complying, or an intent not to comply, with that construction. *See Safeco*, 551 U.S. at 69-70; *see also Ross*, 625 F.3d at 816 ("Malice is a high bar."). Here, plaintiff's defamation claim falls far short of pleading *any* facts to support that there is one objectively reasonable construction of the FCRA that governs how a loan in forbearance or under a trial period plan ought to be reported, and that Chase knowingly violated that construction or acted with reckless disregard in doing so.[7] While plaintiff dresses up her

---

[7] Holding plaintiff to the *Twombly/Iqbal* standard of pleading sufficient facts is especially critical in the context of willfulness claims under the FCRA, where actual harm is not required and the exposure to statutory damages for each violation may be significant. *See Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 489 (7th Cir. 2012) ("An award of $100 [to $1000 in statutory damages] to everyone who uses a Shell Card at a Shell station would exceed $1 billion, despite the absence of a penny's worth of injury.") (willfulness is a question of law, and Shell's

(Footnote continues on next page.)

20173479v1

allegations with the words "willful" and "malicious," she pleads absolutely no facts that suggest conduct rising to that level.[8] *See Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 U.S. Dist. LEXIS 17052, at *28 (E.D.N.Y. May 9, 2005) ("Simply put, that plaintiffs include the word 'malicious' in their complaint does not assume talismanic significance when all plaintiffs' subsequent arguments make clear they aver here that defendant's actions were negligent."). Plaintiff's defamation claim cannot be saved by her threadbare recitals that the conduct was malicious or willful, and must be dismissed.[9]

### III. PLAINTIFF'S RESPA CLAIM IS DEVOID OF THE REQUIRED FACTS.

As Chase set forth in detail in its opening motion, there are specific statutory requirements of a Qualified Written Request under RESPA, and plaintiff's allegations fail utterly to identify how any communication she sent to Chase met those clear statutory requirements.

---

(Footnote continued from previous page.)

interpretation of the FCRA could not be called objectively unreasonable, and was therefore not willful).

[8] Like the plaintiff in *Ross*, plaintiff here displays a "critical flaw in [her] view of 'malice' under § 1681h(e) [in] that it presents a false dichotomy." *Ross*, 625 F.3d at 816. As the *Ross* Court noted, "[plaintiff's] reasoning implies that every incidence of furnisher conduct must be categorized as either innocent or malicious. But, as noted, there is a third option: negligence. To avoid having the § 1681h(e) exception swallow the rule, we must apply the definition of malice in a way that leaves room for negligence." *Id.*

[9] Even if plaintiff's claim were sufficiently pled, the FCRA preempts *all state law claims*, regardless of whether they involve malice or willfulness, statute or common law. Numerous courts have held as much, and all of those decisions post-date *Jeffery*. *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 106-107 (2d Cir. 2009) (holding that state statutory and common law claims are preempted under Section 1681t(b)(1)(A) of the FCRA); *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011) (same); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011) (same); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 746, 751 (10th Cir. 2009) (preempting state tort claim). The Fourth Circuit has acknowledged that there is an "alleged conflict between § 1681h(e) and § 1681t(b)(1)(F)" and that courts have taken different approaches to resolving it, but did not reach this issue in *Ross* because, as here, the more narrow of the preemption exceptions (§ 1681h(e)) did not apply. 625 F.3d at 814 (citation omitted).

14

Plaintiff's opposition does nothing to remedy this lack of factual support. Plaintiff's failure to provide any facts to sustain her RESPA claim requires that it be dismissed accordingly. *See Brown v. HSBC Mortg. Corp.*, No. 1:10-cv-1427, 2011 U.S. Dist. LEXIS 80943, at *11, *17-18 (E.D. Va. July 22, 2011) (O'Grady, J.) ("[T]he factual allegations fail to support relief and therefore RESPA-related claims are DISMISSED.").

Plaintiff's citation to *Bellamy v. Deutsche Bank Nat'l Tr. Co.* only serves to highlight her failure to plead sufficient facts in support of the RESPA claim. (Opp. 27.) In *Bellamy*, the magistrate recommended granting the plaintiff's motion for leave to file a second amended complaint that "attache[d] the QWR on which the RESPA claim is based, and the response letter [plaintiff] received," following the defendant's motion to dismiss the claim in a prior complaint that did not attach the QWR at issue. No. 2:10cv184, 2010 WL 3655642, at *2 (E.D. Va. Aug. 9, 2010) (Miller, M.J.). The plaintiff in *Bellamy* conceded that the amendment attaching the QWR was a result of the defendant's motion to dismiss. *Id*. at *3. Here, plaintiff neither attaches the alleged QWR's, nor does she propose an amendment to the complaint doing so, or even allege specific facts about the QWRs allegedly at issue.

Indeed, rather than identifying facts in her possession sufficient to state a QWR claim under RESPA, plaintiff instead argues that Chase has not cited Fourth Circuit authority, or authority from any district court in the Fourth Circuit, for the proposition that her RESPA claim is insufficiently pled. (Opp. 25.) She contends that "[t]here is not such authority." (*Id*.) However, RESPA is a federal statute, and the authority cited by Chase is more than ample to support dismissal of this fact-less claim. More importantly, plaintiff's assertions about authority within the Circuit are wrong. District courts in the Fourth Circuit, including the Eastern District of Virginia, have required a plaintiff to identify a specific QWR in order to survive dismissal of a

15

RESPA claim. *Caballero v. Am. Mortg. Network*, No. 1:11cv622, 2011 U.S. Dist. LEXIS 87210, at *19 (E.D. Va. Aug. 8, 2011) (Cacheris, J.) ("Plaintiff has not pleaded that, *or when*, he sent a qualified written request to which any defendant failed to respond. Thus, he has failed to state a claim under 12 U.S.C. § 2605(e).") (emphasis added); *Fletcher v. Homecomings Fin. LLC*, No. 1:08CV393, 2010 U.S. Dist. LEXIS 40706, at *10 n.5 (M.D.N.C. Apr. 22, 2010) ("Plaintiff merely alleges in a conclusory fashion in the amended complaint that '[w]ritten request[s] were made to [the defendant] for the refund (overpayment) of monies from my escrow account. [The defendant] disregard [sic] this request.' . . . These allegations are simply too threadbare to state a claim for a violation of Section 2605, as Plaintiff wholly fails to allege facts showing that her request for information constituted a 'qualified written request' as required to trigger a lender's obligation to respond under Section 2605."); *see also Bryant v. Wells Fargo Bank, N.A.*, No. 5:10-CV-00237-D, 2012 U.S. Dist. LEXIS 38102, at *23 (E.D.N.C. Jan. 24, 2012) ("Plaintiffs' general allegations—that they submitted QWRs to 'Defendants,' . . . do not satisfy the basic pleading requirements of *Iqbal* and *Twombly*. As this Court has previously held, 'A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement.'") (citation omitted).

Furthermore, district courts in the Fourth Circuit have dismissed RESPA claims when a plaintiff fails to allege *how* a RESPA violation has caused her any actual damage. *See, e.g., Radisi v. HSBC Bank USA, N.A.*, No. 5:11CV125-RLV, 2012 U.S. Dist. LEXIS 81605, at *14 (W.D.N.C. June 13, 2012) (dismissing RESPA claim with prejudice as "[p]laintiff's assertion of damages without any supporting facts as to how he was damaged by the failure to respond to the QWRs is insufficient to establish a claim for violation of RESPA"); *Bishop v. Quicken Loans, Inc.*, No. 2:09-01076, 2010 U.S. Dist. LEXIS 93692, at *19 (S.D. W. Va. Sept. 8, 2010)

16

20173479v1

("Although plaintiffs allege that they 'have suffered financial loss, annoyance and inconvenience,' . . . plaintiffs do not allege how [defendant's] failure to comply with RESPA caused them harm."). The Eastern District of Virginia has specifically required that a plaintiff plead a pattern or practice of noncompliance for statutory damages under RESPA. *Bradford v. HSBC Mortg. Corp.*, No. 1:09cv1226, 2010 U.S. Dist. LEXIS 143531, at *21-22 & n.6 (E.D. Va. Sept. 20, 2010) (Ellis, J.) ("Statutory damages are permissible on such a claim where the plaintiff demonstrates a 'pattern or practice of noncompliance' with RESPA. 12 U.S.C. § 2605(f)(1). [Plaintiff] has not alleged any such facts, so he has no basis for statutory damages.").

The case law in this Circuit and beyond all points to the same conclusion: plaintiff's RESPA claim is devoid of sufficient facts and must be dismissed.

## CONCLUSION

For the foregoing reasons, Chase requests that the Court dismiss Counts One, Five, and Six in plaintiff's Fourth Amended Complaint with prejudice.

Dated: October 24, 2012

Respectfully submitted,

**JPMORGAN CHASE BANK, N.A.**

By: */s/ David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase Bank, N.A.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

20173479v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

Gary L. Abbott
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: garyabbott9@msn.com
*Counsel for Plaintiff*

Robin Ann Abbott
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: rabbottlaw@msn.com
*Counsel for Plaintiff*

Susan Mary Rotkis, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com
*Counsel for Plaintiff*


/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase Bank and Chase Home Finance, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

20173479v1