IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHELLE BOURDELAIS,**
 *(formerly Michelle Durniak),*

                **Plaintiff,**

v.                                                         CIVIL NO. 3:10-cv-00670-HEH

**J.P. MORGAN CHASE BANK, NA,**

**and**

**CHASE HOME FINANCE, LLC,**

                **Defendants.**

## PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and makes the following disclosures to Defendants.

**I. Individuals likely to have discoverable information**

    1.    Plaintiff, Michelle Bourdelais.
             *All facts.*

    2.    Carolyn Wallisch
          100 Yorkshire Drive
          Pittsburgh, PA 15238

          *All facts with regard to the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

    3.    Cynthia Holliday
          3408 A Northline Avenue
          Greensboro, NC 27410

          *All facts with regard to the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

    4.    Keith Holliday
          3408 A Northline Ave,
          Greensboro, NC 27410

*All facts with regard to the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

5. Brian K. Stevens, Esq.
   3711-B Westerre Parkway
   Richmond, VA 23233 804- 965-5515

   *All facts with regard to Plaintiff's attempts to modify her mortgage with Chase.*

6. Michelle Ackerman
   5 Manitook Mountain Rd
   Avon CT 06001

   *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

7. Laura Girard
   12300 Chestnut Hill Court
   Glen Allen, VA 23059

   *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

8. Heidi Skeirik
   91 East Road
   Atkinson, NH 03811

   *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

9. Bill Schmidt
   17 Mockingbord Lane
   Maynard, MA 01754

   *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

10. Jes Sprouse
    13101 North Enon Church Road
    Chester, VA 23836

    *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009 and the impacts it has had on her family.*

11.     Marsha Andrews, LCSW
        5500 Monument Avenue
        Unit U
        Richmond, VA 23226.

        *All facts regarding Plaintiff's counseling with regard to the extreme amount of stress and emotional trauma she has experienced as a result of her attempts to modify her mortgage with Chase.*

12.     Michelle Ackerman
        5 Manitook Mountain Rd
        Avon CT 06001

        *All facts regarding the Plaintiff and her attempts to modify her mortgage with Chase since March 2009.*

13.     Employees of Senator Mark R. Warner
        101 W. Main Street
        Suite 4900
        Norfolk, VA  23510

        *All facts regarding the Plaintiff's complaint with regard to Chase and her application for the HAMP program and modification attempts since March 2009.*

14.     Employees of Senator, Jim Webb
        507 East Franklin Street
        Richmond, VA  23219

        *All facts regarding the Plaintiff's complaint with regard to Chase, her application for the Home Affordable Modification Program and modification attempts since March 2009.*

15.     Employees of Fannie Mae
        HAMP Solution Center

        *All facts regarding the Plaintiff's complaints regarding Chase, her Home Affordable Modification Program applications and modification attempts since March 2009.*

16.     Paul Wasson, Workout Analyst
        Chase Home Finance, LLC
        3415 Vision Drive
        Columbus, OH 43224

> *All facts regarding the Plaintiff's application for the Home Affordable Modification Program including any and all communications to and from the Plaintiff regarding obtaining a permanent modification of her Chase Home loan.*

17. Jola Szubielski
    WWBT Television
    P.O. Box 12
    Richmond, VA 23218

    > *All facts regarding the Plaintiff's communications regarding her attempts to have her Chase Home Loan modified.*

18. Employees of Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    > *All facts regarding the Plaintiff's application for the Home Affordable Modification Program including any and all communications to and from the Plaintiff or any representative, concerning her mortgage loan and any and all communications with the Plaintiff or any representative, notifying her that her loan was default.*

19. Employees of Chase Fulfillment Center
    4500 Cherry Creek Drive South
    Suite 960
    Glendale, CO 80246

    > *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff or any representative, with regard to the Home Affordable Modification Program.*

20. Kelly L. Wogan
    Assistant Vice President
    Executive Resolution Group
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    > *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative, concerning her application for the Home Affordable Modification Program and*

4

*any and all communications to and from the Plaintiff, or any representative, regarding obtaining a permanent modification of her Chase Home loan.*

21. Anthony Ruff
    Making Homes Affordable Mortgage Analyst
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative, regarding obtaining a permanent modification of her Chase Home loan.*

22. Sara L. Spradling
    Home Lending Executive Office
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff or any representative regarding obtaining a permanent modification of her Chase Home loan.*

23. Sharmila I. Vasanth
    AMM Department
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff or representative of the Plaintiff concerning her application for the Home Affordable Modification Program, specifically with regard to the March 17, 2010 letter forwarded to the Plaintiff regarding Transfer of Ownership requirements; and any and all communications to and from the Plaintiff or any representative of the Plaintiff regarding obtaining a permanent*

*modification of her Chase Home loan.*

24. Melissa Reed
    Executive Resolution Group
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff or any representative of the Plaintiff concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff or any representative of the Plaintiff regarding obtaining a permanent modification of her Chase Home loan.*

25. Brooke Rudder
    Chase Home Analyst
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative of the Plaintiff, regarding obtaining a permanent modification of her Chase Home loan.*

26. Talisha Smith
    Chase Home Finance, LLC
    3415 Vision Drive
    Columbus, OH 43219

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative of the Plaintiff, regarding obtaining a permanent modification of her Chase Home loan.*

27. David B. Lowman

        CEO Home Lending
        Chase Home Finance, LLC
        3415 Vision Drive
        Columbus, OH 43219

> *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative of the Plaintiff, regarding obtaining a permanent modification of her Chase Home loan.*

28.    J. Cowans
        Chase Home Finance, LLC
        3415 Vision Drive
        Columbus, OH 43219

> *All facts regarding the receipt of the Plaintiff's Federal Express package on or about May 20, 2010.*

29.    Employees of Chase Home Finance, LLC
        2210 Enterprise Drive
        SC1-3050
        Florence, SC 29501

> *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative of the Plaintiff, regarding obtaining a permanent modification of her Chase Home loan.*

30.    Employees of Chase Home Finance, LLC (FL5-7734)
        P.O. Box 44090
        Jacksonville, FL 32231-4090

> *All facts regarding the Plaintiff's mortgage loan including any Acceleration Warning Notices forwarded to the Plaintiff regarding the subject property at issue in this case and any correspondence forwarded to the Plaintiff concerning a "loan workout".*

31. Employees of Chase Fulfillment Center
    710 South Ash Street
    Suite 200
    Glendale, CO 80246-1989

    *All facts regarding the Plaintiff and the Chase mortgage loan at issue in this case including any and all communications to and from the Plaintiff, or any representative of the Plaintiff, concerning her application for the Home Affordable Modification Program and any and all communications to and from the Plaintiff, or any representative of the Plaintiff, regarding obtaining a permanent modification of her Chase Home loan.*

32. Employees of Equifax Information Services

    *All facts with regard to the information reported by the Defendants with regard to the Plaintiff's mortgage account, Plaintiff's dispute of the account's reporting status and the automated response it received from the Defendant concerning the Plaintiff's dispute.*

33. Employees of Trans Union, LLC

    *All facts with regard to the information reported by the Defendants with regard to the Plaintiff's mortgage account, Plaintiff's dispute of the account's reporting status and the automated response it received from the Defendant concerning the Plaintiff's dispute.*

34. Employees of Experian Information Solutions

    *All facts with regard to the information reported by the Defendants with regard to the Plaintiff's mortgage account, Plaintiff's dispute of the account's reporting status and the automated response it received from the Defendant concerning the Plaintiff's dispute.*

35. Michael Moore
    MSM Appraisal Services, LLC
    P.O. Box 3568
    Chester, VA  23831

    *All facts concerning the Appraisal performed on the Plaintiff's property on or about April 29, 2010.*

36.     Employees of Wells Fargo Bank, NA
        1525 West WT Harris Blvd.
        Charlotte, NC 28262

> *All facts regarding the reasons for the denial of credit with regard to the Plaintiff on or about May 4, 2010 including the credit scores and credit reports reviewed in connection with the Plaintiff's credit application and the resulting credit decision.*

37.     Employees of Dominion Virginia Power
        Customer Credit Services
        P.O Box 26666
        Richmond, VA 23261-6666

> *All facts regarding the reasons that Dominion Virginia Power required that the Plaintiff to pay a security deposit for her electric service on or about May 24, 2010 based on a review of a consumer disclosure received from Experian, including the credit score and credit report reviewed in connection with this credit decision.*

47.     Employees of Capital One
        P.O. Box 30280
        Salt Lake City, UT 84130-0280

> *All facts regarding the reasons for the denial of credit with regard to the Plaintiff on or about June 17, 2010 including the credit scores and credit reports reviewed in connection with the Plaintiff's credit application and the resulting credit decision.*

38.     Employees of Bank of America, N.A.
        Customer Service Center
        FL9-400-04-24
        P.O. Box 45144
        Jacksonville, FL 32232-9743

> *All facts regarding the reasons for the denial of credit with regard to the Plaintiff on or about June 28, 2010 including the credit scores and credit reports reviewed in connection with the Plaintiff's credit application and the resulting credit decision.*

40.     Kelly Hammond
        Wells Fargo Home Mortgage Consultant
        572F Ritchie Highway
        Severna Park, MD 21146

9

>   *All facts regarding the reasons for the denial of credit with regard to the Plaintiff on or about January 11, 2011 including the credit scores and credit reports reviewed in connection with the Plaintiff's credit application and the resulting credit decision.*

41. Tonda Marshburn
    Team Leader
    Client & Talent Support Team
    Aquent
    Forest Plaza I Building
    7201 Glen Forest Dr., #102
    Richmond, VA  23226

    >   *All facts regarding the reasons that Aquent was unable to offer employment to the Plaintiff for its client, Capital One on or about May 27, 2010 based on information contained in a Consumer Credit Report received from Kroll Screening Services.*

42. Employees of Kroll Factual Data
    5200 Hahns Peak Drive
    Loveland, CO 80538

    >   *All facts regarding the Investigative Consumer Report prepared at the request of Aquent on or about May 17, 2010, and on or about March 6, 2012 and updated on or about April 3, 2012 with regard to the Plaintiff, including the information received and used to generate the reports and the sources from which the information was received, including any phone conversations with Chase regarding the Plaintiff's mortgage account.*

43. Becky Bruener
    Kroll Factual Data
    5200 Hahns Park Drive
    Loveland, CO 80538

    >   *All facts regarding phone call with Chase and the Plaintiff with regard to her Chase mortgage account and the subsequent update of the credit reporting of this account and reported in the Plaintiff's Tri-Merge Consumer Report based on this phone conversation on or about April 3, 2012.*

44. Employees of the Consumer Data Industry Association
    1090 Vermont Avenue, NW
    Suite 200

        Washington, DC 20005-4908

> *All facts regarding the Credit Reporting Resource Guide and the Mortgage and Home Equity Reporting Guidelines In Response to Current Financial Conditions updated in June 2010.*

45.    Employees of Fannie Mae/Freddie Mac
        8200 Jones Branch Drive
        McLean, VA 22102-3110

> *All facts with regard to the Home Affordable Modification Program, (HAMP), HAMP qualifications and underwriting process, Trial Period Plan and subsequent Modification of loan terms.*

46.    Conrad (unknown last name) – Chase Employee #0485569

> *All facts regarding phone conversation with Plaintiff on or about March 14, 2012 and statements made to the Plaintiff regarding the status of her loan.*

47.    Shelia Cane, Chase Employee

> *All facts regarding conference call on or about April 3, 2012 with representative of Kroll Factual Data regarding Plaintiff's mortgage account.*

48.    Jeanie Zaragoza, Chase ACDV Operator

> *All facts regarding the Equifax ACDV received and processed on or about June 9, 2010 with regard to the Plaintiff.*

50.    Employees of Prime Lending
        8191 Jennifer Lane
        Owings, MD 20736

> *All facts regarding Plaintiff's attempted pre-approval for a mortgage loan, the tri-merge credit reports received regarding the Plaintiff and information obtained regarding the Plaintiff's Chase mortgage loan.*

51.    Any and all witnesses identified by the Defendants.

52.    Any and all witnesses who have testified regarding similar claims in previous litigation.

53.    Unknown persons as may be revealed in discovery.

11

## II. Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in her possession and control:

Plaintiff's Bate Stamp Nos. 000001 – 001653 – *Plaintiff's counsel will forward Plaintiff's Bate Stamped Exhibits under separate cover*

| Document Type | Bate Stamp # |
| --- | --- |
| Chase Correspondence regarding Loan Modification to 10/27/10 | 000001 - 000320 |
| CDIA – Home Equity Reporting Guidelines | 000321-000332 |
| E-mail exchanges with Chase Regarding Loan Modification | 000333-000358 |
| Freddie Mac – HAMP Trial Period Plan & Loan Reporting | 000359-000401 |
| Making Home Affordable Servicer Performance Reports – through 10/10 | 000402-000447 |
| SIGTARP-Reports Regarding Home Affordable Modification Program | 000448-000849 |
| Articles Regarding HAMP | 000850-000879 |
| Making Home Affordable Program Guidelines and Directives – 10/13 | 000880-001096 |
| The Obama Administration's Efforts to Stabilize The Housing Market and Help American Homeowners | 001097-001104 |
| Senator Correspondence | 001105-001116 |
| Credit Scoring Information | 001117-001208 |
| Chase Payment and Loan History – 2/13/09 – 5/19/10 | 001209-001224 |
| Bourdelais – Chase Payments – Jan 2011 – Dec 2011 and Feb 2012 – April 2012 | 001225-001240 |
| Appraisal of 5705 West Lake Terrace – April 29, 2010 | 001241-001257 |
| Bourdelais – Chase – Tax Year 2011 – Form 1098 | 001258-001262 |
| Bourdelais – Chase – April 13, 2012 Verification of Mortgage | 001263-001267 |
| Equifax Consumer Disputes and Investigation Results to 8/3/10 | 001268-001290 |
| Experian Disputes and Investigation Results to 6/11/10 | 001291-001303 |
| Trans Union Disputes and Investigation Results to 7/12/10 | 001304-001465 |
| Credit Denials | 001466-001486 |
| Wells Fargo Credit Card Denial of 5/4/10 with Affidavit | 001487-001512 |
| Dominion Power (5/24/10) Subpoena Response with Affidavit | 001513-001518 |
| Employment Denial – Aquent (May 27, 2010) | 001519-001532 |
| Capital One Response to Subpoena with Declaration (June 17, 2010 Denial) | 001533-001536 |
| Bank of America Denial with Affidavit (no credit report provided by BOA) – 6/28/10 | 001537-001539 |
| Wells Fargo Home Mortgage Denial- January 11, 2011 | 001540-001552 |
| Bourdelais – March 6, 2012 – Kroll Report | 001553-001566 |
| Bourdelais – April 12, 2012 letter from Kroll with updated report | 001567-001579 |
| Counseling Records from Marsha Andrews | 001580-001603 |
| Equifax Document Production per Subpoena EIS 000001-000050 | 001604-001663 |

**III. Computation of Damages**
**<u>Itemization Of Damages</u>**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

<u>**Categories and types of Actual Damages**</u>

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit and employment opportunities.
iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.
v. Plaintiff has suffered general damages in the form of damage to reputation.
vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in her credit reports.
viii. The damage to Plaintiff's credit score may also have impacted the interest rates they have on current loans, credit he has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.
ix. Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.
x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.
xi. Plaintiff has also suffered embarrassment from having to explain herself to potential creditors and employers as well. Plaintiff suffers anxiety when considering seeking additional credit because

13

>she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

14

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c. **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in her credit files.

> **On or about May 4, 2010 Plaintiff was denied for a Wells Fargo Credit Card – The reasons were based on delinquency (Trans Union). Credit report reflects the Chase Mortgage account as past due $15,464 with a status of 5-120 days past due; Maximum Delinquency (30:60:90) (01:03:05) – Payment under partial payment agreement.**

> **On or about May 24, 2010 Plaintiff was required by Dominion Virginia Power – to make a security deposit to guarantee payment of her electric service - $180.00 – (based on the contents of her Experian Report)**

> **On or about June 17, 2010 Plaintiff was denied by Capital One for a credit card based on delinquent credit item listed on her credit reports (Experian and Equifax)**

16

> **On or about June 28, 2010 Plaintiff was denied by Bank of America for a credit card through the Direct Lending Channel (Equifax)**
>
> **On or about January 11, 2011 Plaintiff was denied for a Wells Fargo Home Mortgage based on the Chase Mortgage account.**
>
> **On or about May 27, 2010 Plaintiff was denied Employment with Capital One through Aquent – based on the contents of her Kroll Report. The May 19, 2010 Kroll report reflects that the Chase Mortgage was $15,445 past due and that she had been 30 days late 1 x 7/09, 60 days late 3 times (10/09, 9/09 and 8/09), and 90 days or more late 7 times (12/09, 11/09, 5/10, 4/10, 3/10, 2/10 and 1/10). Reflected that she was paying under partial payment plan. The Chase mortgage tradeline is the only derogatory mark on the Kroll report.**
>
> **Plaintiff was unable to obtain a mortgage pre-approval for financing in March/April 2012 because of the Chase mortgage account. After receipt of the Plaintiff's tri-merge credit report from Kroll, Prime One Lending requested that Kroll investigate the reporting of the Chase Mortgage directly with Chase. During a phone call on or about April 3, 2012 a Chase Representative stated that the Plaintiff was $43,460 in arrears in the payment of her mortgage and thus reflected this information on the Plaintiff's updated Kroll Tri-Merge Report. Upon information and belief the Plaintiff was thereafter disqualified for any financing options.**

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized with regard to the above contained the inaccurate derogatory Chase account and inaccurate information at issue in this case.

    d.    **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

    e.    **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under

17

FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

**MICHELLE BOURDELAIS,**

/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail:  david.anthony@troutmansanders.com

Nancy Renee Thomas
Morrison & Foerster, LLP
555 West Fifth Street
Suite 3500
Los Angeles, CA 90013
E-mail: nthomas@mofo.com

/s/
Leonard A. Bennett, Esq., VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com