UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHELLE BOURDELAIS,**
on behalf of herself and behalf
of all others similarly situated,

        Plaintiff,

v.                                             Civil Action No. 3:10-cv-670

**JPMORGAN CHASE BANK, NA,**
**and CHASE HOME FINANCE, LLC,**

        Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR A PROTECTIVE ORDER ON PRIVILEGED DOCUMENTS**

Defendants, J.P. Morgan Chase Bank, N.A., and Chase Home Finance, LLC (collectively, "Defendants"), for their memorandum in support of its Motion for a Protective Order on Privileged Documents, states as follows.

### INTRODUCTION

By agreement among the parties, Defendants' objections and responses to Plaintiff's written discovery requests, as well as any privilege log relating thereto, shall be served no later than December 19, 2012. In many instances, Defendants contend that some of Plaintiff's document requests are overbroad, unduly burdensome, and/or fall far outside the scope of discovery provided under Fed. R. Civ. P. 26(b). Given the subject matter of this case, Plaintiff's requests also involve the review and production of substantial amounts of electronically stored information. Therefore, discovery that falls outside of the scope permitted under the Federal Rules threatens to unnecessarily and substantially increase the burden and costs associated with responding to Plaintiff's requests. Accordingly, Defendants have objected to Plaintiff's requests

where such objections are warranted and indeed already have had some meet and confer discussions with Plaintiff's counsel about Plaintiff's written discovery requests.

Plaintiff's counsel has taken the position that the Court's Scheduling Order and/or the Federal Rules of Civil Procedure requires Defendants to identify on their log *all* potentially privileged documents that would be responsive to the requests to which Defendants have objected. Defendants should not be forced to provide prophylactic privilege log entries for clearly objectionable documents before the parties even meet and confer about the objections, much less before Defendants have an opportunity to address their objections with the Court. Thus, Defendants seek a protective order staying any requirement that Defendants review and identify on their privilege log any documents to which Defendants have objected to producing, including on the grounds of relevance, overbreadth undue burden and/or beyond the scope of Rule 26(b), until further order of the Court.

### ARGUMENT

The attorney-client privilege has long been recognized as warranting special protection "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v United States*, 449 U.S. 383, 389 (1981). The predominant purpose of attorney-client privilege is to afford "all communications between attorney and client absolute and complete protection from disclosure." *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997). This protection applies to communications between a corporate party and its in-house counsel, as well as to communications with a privately-retained attorney. *Upjohn*, 449 U.S. at 389-90.

Fed. R. Civ. P. 26(b)(5) provides that any party claiming privilege for a document requested during discovery that is "otherwise discoverable" shall log the document on a privilege

log. *Id.* Consistent with this command, Paragraph III(B) of the Court's standard Scheduling Order, Pretrial Schedule A (the "Scheduling Order") provides that any party objecting "to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege" must provide an inventory list, known as a privilege log.

The Scheduling Order further provides, however, that unless the Court orders otherwise, "the claim of privilege or protection shall be waived unless the inventory and description are served with the objections to the request for production in time required by the Local Rules." *Id*.

As a number of courts have held, "[i]t should go without saying that there is no obligation to assert a privilege for documents that are not within the scope of a request or that are outside of the scope of what could permissibly be requested." *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212-13 (D.D.C. 2006). In such circumstances, "defendants [are] not obligated to list the [objected to] documents on any privilege log." *Id.* This body of law has developed because Fed. R. Civ. P. 26(b)(5) applies only to documents and information that is "otherwise discoverable," and until a court rules on an overbreadth or relevance objection, the documents withheld are not discoverable. *See id*. ("If an objection is made and that objection has not been ruled on, then the objected to documents are not yet 'otherwise discoverable' within the meaning o[f] Rule 26(b)(5)."); *see also Tumbling v. Merced Irrigation Dist.*, 262 F.R.D. 509, 518 (E.D. Cal. 2009) (denying motion to compel documents plaintiff claimed were improperly logged as privileged, because defendant should have an opportunity to update the privilege log after the court ruled on objections related to overbreadth and relevance.).

This common-law (and common sense) principle was also codified in the 1993 advisory committee notes to Fed. R. Civ. P. 26(b)(5). And, these committee notes have been interpreted to require that a court "first rule on the pending objections and then, if it overrules those

3


objections, give the party claiming privilege an opportunity to log the allegedly privileged documents.  In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections." *United States v. Philip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003); *accord Grand River Enter. Six Nations, Ltd. v. Pryor*, 2008 U.S. Dist. LEXIS 86594, at *40-41 (S.D.N.Y. Oct. 22, 2008) ("Plaintiff's discovery requests had been timely opposed by very serious objections based on over-breadth . . . . [U]ntil I ruled on the over-breadth objections, Defendants were not obligated to log each document.").

Indeed, this principle is particularly important where, as here, requests for production potentially implicate a substantial amount of electronically stored information ("ESI").  The Federal Rules are sensitive to the particular burdens placed on litigants required to produce ESI, and provide that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(b).  Based on the circumstances of "a particular case, these burdens and costs may make the information . . . not reasonably accessible." Rule 26 Official Note to 2006 Amendment.  Thus, as courts have recognized, production of ESI "should be accomplished through the application of search terms and parameters reasonably tailored to identify the responsive communications." *See, e.g.*, *Corbello v. Devito*, 2:08-cv-00867, 2010 U.S. Dist. LEXIS 125207, at *18 (D. Nev. Nov. 12, 2010); *accord Tamburo v. Dworkin*, No. 04cv3317, 2010 U.S. Dist. LEXIS 121510, at *7 (N.D. Ill. Nov. 17, 2010) (noting that courts have significantly flexibility with regard to ESI production "to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information [and] the needs of the case") (quoting *Sedona Conference Commentary on Proportionality in Electronic Discovery*, 11 Sedona Conf. J.

289, 294 (2010)). Thus, requiring that a privilege log include ESI based on overbroad or unduly burdensome requests, or irrelevant ESI, would frustrate the clear policy set forth in the Federal Rules to promote efficient and sensible discovery of ESI, and would disrupt the careful balance of burden and cost repeatedly enunciated therein.

For example, Plaintiff requests "all documents … with regard to … the subject of this suit" and "all documents that have been exchanged with any Credit Reporting Agency regarding your involvement in or the fact that you have been the subject of multiple or numerous FCRA complaints." These requests are overly board, unduly burdensome, and seek irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants intend to object to these requests for production (and others) by December 19, 2012. In an abundance of caution, however, Defendants move the Court to issue a protective order deferring the obligation to identify on their privilege log any documents to which Defendants have objected to producing until further order of the Court.

### CERTIFICATION

Counsel for the Defendants hereby certifies that he has made a good faith effort with counsel for Plaintiff to resolve the discovery matters at issue as required by Rule 37(E) of the Rules of the United States District Court for the Eastern District of Virginia.

### CONCLUSION

WHEREFORE, Defendants, J.P. Morgan Chase Bank, N.A., and Chase Home Finance, LLC, request that the Court enter an order: (1) granting their Motion for Protective Order; (2) staying any requirement that Defendants identify on their privilege log any documents to which Defendants have objected to producing until further order of the Court; and (3) awarding Defendants such other and further relief as the Court may deem proper.

Dated: December 14, 2012

**JPMORGAN CHASE BANK, N.A.**

By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for JPMorgan Chase & Co. d/b/a Chase Home Finance, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Leonard A. Bennett, Esq.
>Robin A. Abbott, Esq.
>Gary L. Abbott, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>Telephone: 757-930-3660
>Facsimile: 757-930-3662
>
>*Counsel for Plaintiff*

>/s/ David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for JPMorgan Chase & Co. d/b/a Chase Home Finance, LLC*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone No.: (804) 697-5410
>Facsimile No.: (804) 698-5118
>Email: david.anthony@troutmansanders.com

20226163v1